Demdbbeb to complaint. The complaint set forth that the plaintiff had sold and delivered to the defendant certain building materials for the price of $1,500, on which there was still-due to him the sum of $1,059.97, for which amount he prayed judgment. The complaint also alleged, that for the amount of his claim the plaintiff had’ duly acquired a lien on certain dwelling-houses belonging to the defendant in the city of Brooklyn, and prayed that the lien might be enforced for a sale of the defendant’s interest in the said real estate, or of so much-thereof as would be sufficient to satisfy the debt. The defendant demurred' to' the whole complaint, but assigned as- the only ground of demurrer; that several causes of action had been improperly united.
Held, that had the demurrer been limited, to those parts of the complaint which related to the lien, and had assigned as *644 the'ground of objection the want of jurisdiction in the court to enforce the lien, it must have been allowed; but that as it embraced the whole complaint, and specified no other objection than the improper union of several causes of action, it must be overruled. Granting the jurisdiction of the court, there was no objection to the form of the complaint, and certainly no such improper junction of distinct causes of action as was alleged. Demurrer overruled with $10 costs, but twenty days allowed to amend the demurrer or answer, unless the plaintiff should within ten days elect to amend the complaint by striking out all the allegations relative to the- lien—should plaintiff so elect, ten days thereafter allowed defendant to answer.