MARIA WINTERSON AND SAMUEL S. WINTERSON *v.* THE
EIGHTH AVENUE RAILROAD COMPANY.

A complaint is sufficient if an averment of a good cause of action can be gathered
from it.

The only objections that can be taken to a complaint at the trial are, that it does
not show a cause of action, or that the court has not jurisdiction of the case.

Where the case made upon appeal does not contain the charge of the judge at the
trial, and does not show that any exception was taken to the charge made, it will
be assumed that the questions of fact involved were fully submitted to the jury,
with all proper instructions.

In an action against a railroad company for injuries caused by the act of one of their
conductors, the complaint, after stating the manner in which the injury occurred,
alleged that the conductor acted negligently, and also that by his wilfulness and
gross neglect he caused the injury. *Held,*

I. That if the complaint was bad for duplicity, the defect could only be taken ad-
vantage of by a demurrer.

II. Such a defect constitutes no ground for a non-suit at the trial.

A principal is not liable for injuries arising from the wilful act of his servant.

APPEAL by the defendants from a judgment entered at special
term upon a verdict of a jury in favor of the plaintiffs. The
action was brought to recover for injuries received by the plain-
tiff Maria, while attempting to get on a passenger car of the de-
fendants. The complaint alleged that the conductor of the car,
while standing on the platform, saw the plaintiff Maria approach
to get on, and while she was getting on he gave the signal to
start the car ; the car did start before she had time to gain the
platform, and she was by this sudden movement thrown off upon
the street pavement, and seriously injured. To this statement
was added, " that the conductor of said car acted in a negligent
and culpable manner, as aforesaid, and he, by his wilfulness and
gross neglect, caused the plaintiff to fall, as aforesaid, and receive
her said several injuries ; and she alleges that the defendants are
guilty of carelessness and negligence in having in their employ
and service such careless and negligent servants. She alleges
that she was attempting to get upon said car when the same was

at rest, and in presence and view of the said conductor, and she was using care and caution at the time, and the said conductor was guilty of gross and wilful negligence and carelessness." The defendants, by their answer, denied all the allegations in the complaint.

Upon the case coming on for trial, and before any testimony was introduced, the defendants' counsel moved that the complaint be dismissed on the ground that it did not state facts sufficient to constitute a cause of action against the defendants, for the reason that, as appeared by the complaint, the act complained of was charged to be the wilful act of the conductor of the car of the defendants, and that there was nothing stated or charged therein, whereby the defendants became or were responsible for the wilful misconduct of the conductor. The motion was denied by the court, and the defendants' counsel excepted. The plaintiffs then consented to strike out that part of the complaint that alleged that the carelessness was wilful, and only claimed for carelessness and negligence.

The trial thereupon proceeded, and the testimony offered was conflicting in respect to the manner in which the injury occurred, the witnesses for the plaintiffs testifying substantially as alleged in the complaint, and the conductor, who was sworn for the defendants, testifying to a state of facts which, if uncontradicted, would absolve the defendants from all blame. The case made upon the appeal, after giving the testimony of the several witnesses in full, concluded as follows :

" The jury, under a charge from the judge, retired, and afterwards came into court with a verdict for the plaintiffs, and assessed their damages at five hundred dollars, upon which a judgment was entered."

*Hamilton W. Robinson and Henry Sacia*, for the appellants.

I. The record shows, by positive allegation, that the wilful misconduct of the conductor was the cause of the plaintiff's falling and subsequent injuries, and the proof introduced by the plaintiff maintained the allegation, and the motion to dismiss the

complaint ought to have been granted; for the defendants were not liable for such an act, unless they actually directed it. *Tifft* v. *Tifft*, 4 Den. 175; *Bowcher* v. *Noidstrom*, 1 Taunt. 570; *Richmond T. Co.* v. *Vanderbilt*, 2 Comst. 479; *Wright* v. *Wilson*, 19 Wend. 343. 1. From these premises, the only possible form of action against the company would be trespass, with an additional charge showing their direct authorization of the wrongful act. *Foster* v. *The Essex Bank*, 17 Mass. 509; *McManus* v. *Cricket*, 1 East. 106; *Moreley* v. *Gaisford*, 2 H. Blac. 442; 6 Term R. 125; 5 id. 125. 2. If the complaint is equivocal as to the cause of the injury, the construction should be against the plaintiff, but it charges the conductor's wilfulness as a distinct cause of it. 1 Chit. Pl. 241. 3. As a judgment contrary to a mere admission in pleading, is erroneous, much more so is one based upon an allegation positively made and verified by oath. *Bridge* v. *Payson*, 5 Sandf. 210–217. 4. The plaintiff is not aided by the allegation of negligence in having such servants, without an averment of a *scienter;* but no evidence of incompetency was offered. *Van Luven* v. *Lyke*, 1 Comst. 515; 2 Stark Ev. (6 Am. ed.) 525.

II. The motion for a non-suit should have been granted, because the evidence was consistent with the complaint, in charging the injury as having been caused by the wilfulness of the conductor, and it showed no negligence whatever upon the part of the defendants or their agent.

III. The conductor's testimony showed that the plaintiff contributed to the injury, by carelessly trying to get on a car in motion, which is negligence, in law, on her part. *Haring* v. *N. Y. and E. RR. Co.*, 13 Barb. 9; *Brooks* v. *N. F. RR. Co.*, 25 Barb. 600; Mo. Law. R. (Nov., 1852) 407.

IV. The proximate cause of the injury was that the conductor, either wilfully (and contrary to his manifest duty) refused to allow her upon the car, or because she approached it too late to do so consistently with safety. Broom's Leg. Max. 104; 11 John. R. 15.

V. The finding of the jury was contrary to the disinterested

testimony of Cochran, and upon the plaintiff's plea and proof he alone is liable. A new trial should therefore be granted. 13 Barb. 12.

*Charles S. Spencer and A. Sandford,* for the respondents.

I. The complaint charges the injury to have occurred through the negligence of the defendants. 1st. The words wilful and wilfulness are surplusage. 2d. They characterize the negligence.

II. In one part of the complaint only negligence is charged.

III. The complaint was and is amendable.

IV. The company are liable for the forcible and wrong acts of their agents, acting within the scope of their authority, as when they by force put off a passsenger from cars, without right.

V. The judge charged the jury in accordance with the defendants' notion of the law, as no exception is taken to the charge; and a doubt as to the evidence is no ground for disturbing the verdict. *Stroud* v. *Faller*, 11 Barb. 300.

By the Court, DALY, First Judge.—The complaint recites the particular facts from which the injury proceeded, namely: that while the car was standing to receive passengers, the plaintiff, Maria Winterson, approached it and stepped with one foot upon the step of the car, and took hold of the railing with one hand, intending to get on the car; when the conductor, who was standing on the platform, and saw her attempting to get on, gave the signal for the car to start, at the same time saying to her, "you are too late," and before she had time to get on the platform, that she was thrown off, and fell upon her face and breast, receiving a serious injury. This statement is followed by an averment that the conductor acted in a negligent and culpable manner *as aforesaid,* and by his *wilfulness* and *gross neglect* caused the plaintiff to fall, and that he was guilty of gross and wilful negligence and carelessness. The latter part of the averment may be rejected, and the recital of the facts constituting the cause of action, coupled with the averment that the conductor acted in a negligent and culpa-

ble manner, and that the defendants were guilty of carelessness and negligence in having such careless and negligent servants, is an explicit and sufficient averment of a cause of action, proceeding from the negligence of the defendants. If the complaint relied alone upon the averment of a cause of action arising from the wilful act of the conductor, then it would show that the action should have been against him and not against the company, and it would have been the duty of the judge to have granted the motion for a non-suit; but as the acts of the conductor are set forth, and he is averred to have acted negligently, all the averments setting up wilfulness on his part may be disregarded, and a good cause of action will remain. It is sufficient if an averment of a good cause of action against the defendants can be collected from the complaint. If the complaint is double in setting up a cause of action against the servant of the defendants, growing out of his wilful act, and one against the defendants for the servant's negligence, arising out of the same transaction; then the defendants should have demurred upon the ground that two causes of action had been improperly joined, (*Maxwell* v. *Farnham*, 7 How. 236; *Cook* v. *Chase*, 3 Duer, 643), and the plaintiff would have been compelled to elect. Not having availed themselves of this, which was their proper remedy if the complaint was bad for duplicity, they were not entitled to a nonsuit at the trial upon that ground. The only objection they could take to the complaint at the trial would be, that a cause of action could not be collected from it, or that the court had not jurisdiction.

Treating the complaint as averring a good cause of action arising from the negligence of the defendants' servant, it remains but to consider whether the proof upon the trial showed that the injury was caused by a wilful act of the conductor, or was simply the result of his negligence, and upon that point it is sufficient to say that the question was one eminently fit for the jury, and as the charge of the judge is not given, and was not objected to, we must assume that it was fully submitted to them with all due and proper instruction. It is sufficient for us to say that it does

not appear as matter of law upon the evidence that the conductor acted wilfully; that is, with a deliberate intention to injure Mrs. Winterson, or exhibited that reckless disregard of the life or person of another which is equivalent, or amounts to the same thing, and for which he alone and not the company would have to answer. His own evidence is conclusive upon that point, for the transaction as narrated by.him is to the effect that he was entirely without blame; that the injury was caused by the act of Mrs. Winterson alone, to which he in no way contributed by his negligence or otherwise; in which he was contradicted by the plaintiff's witnesses, Mr. and Mrs. Gay. One of these witnesses testified that he pushed her, but as the witness afterwards stated what he did, that is, touched her with his hand upon her back while she had hold of the rail, and that she fell, which was also the statement of the other witness. If this raised any doubt as to the nature of the act that caused the injury; that is, as to whether it was wilfully done or not, it was a question for the consideration of the jury, and as they have passed upon it, the judgment must be affirmed.

Judgment affirmed.