# N. Y. SUPERIOR COURT.

## SIEGMUND MEYER and another agt. HARRIS FIEGEL and another.

If the facts proven on the trial establish a cause of action, the court may allow the complaint to be amended. (*Code*, § 173.) In the like case, the court may *conform* the pleadings to the facts proved. (*Id.*)

Meyer agt. Fiegel.

The power to amend a pleading, or to conform it to the facts, is *discretionary;* but it may be exercised in the cases and under the limitations contained in said section (173). If, therefore, on the trial, the defect in the complaint is supplied by proof, the objection may be overruled.

Where, on the trial, evidence is offered, before a motion is made to dismiss the complaint, which may overcome the objections to the complaint, rendering it proper in the discretion of the court to allow an amendment or to conform the pleadings to the facts, it is error to reject such evidence.

*General Term, February,* 1867.

THIS action was brought to recover the difference between the contract price of a quantity of glazed wire, and the price such wire brought at auction sale, after the defendants had refused to accept a delivery.

The complaint alleged that the plaintiffs were sole agents for a certain article of commerce known as " Washburn & Moen's crinoline springs." That as such agents it was their business to receive orders for such springs, and upon such orders to order them from the manufacturers; they, the plaintiffs, in fact, obtaining them and delivering them to the parties giving the orders. That their mode of business was to enter upon a book, called an order book, such orders as they received, and, upon the faith of such orders, to order from the manufacturers a corresponding quantity for re-sale to the parties giving the orders. That the defendants gave to the plaintiffs an order as follows: " Gentlemen—Please to enter for me, on your order book, twenty-five barrels of Washburn & Moen's glazed wire, at the rate of 77 for 18, 3 per cent discount." That the meaning of said order was, that the plaintiffs should order the wire and sell the same to the defendants. That the plaintiffs did order the wire, and notified the defendants, and subsequently informed them that they had received the same, and had it ready to deliver to them. That afterwards the plaintiffs delivered to the defendants nine barrels of springs, parcel of said order, which the defendants accepted. The complaint then alleged an offer to deliver the residue of barrels of wire, a refusal by defendants to receive, a subsequent sale, and a deficiency.

The answer denied nearly all the allegations in the complaint.

Upon the trial before Mr. Justice BARBOUR and a jury, the plaintiffs read in evidence the written order of the defendants, and then called Seigmund T. Meyer, who testified that he was one of the plaintiffs; and the plaintiffs' counsel thereupon propounded to the witness the following interrogatories, each and every of which was objected to by the defendants' counsel, on the ground that the testimony sought to be elicited was irrelevant and inadmissible under the pleadings herein:

Q. Upon this order (showing to witness "Exhibit A"), what did you do, if anything, to obtain twenty-five barrels of wire for Fiegel & Strauss?

Q. Did you purchase from Washburn & Moen twenty-five barrels of wire?

Q. Was there any time fixed between you and Messrs. Fiegel & Strauss, relative to the delivery of this wire?

Q. Was there any agreement between you and Messrs. Fiegel & Strauss in regard to the various prices which you were to deliver?

Q. What is the explanation, according to the trade, of the words " of 77 for 18, 3 per cent discount," in the defendants' letter of August 23, 1864, and of your saying on the basis of 77 cents per lb. for No. 18?

Each and every of said objections to said several questions were sustained by the court; each and every of said questions were overruled; and to the decision in regard to each question separately the plaintiffs' counsel excepted.

The plaintiffs' counsel asked for leave to amend the complaint, by substituting the word "purchasing" for the word "obtaining," in the phrase "they (the plaintiffs) in fact obtaining them." Which motion the court denied; and to which decision the plaintiffs' counsel then and there excepted.

The plaintiffs not offering any further evidence, the

defendants' counsel moved to dismiss the complaint on the grounds:

*First.* That it appeared by the complaint that the plaintiffs had no interest in the subject matter of controversy, and therefore could not maintain this action.

*Second.* That the facts stated in the complaint did not constitute a contract between the parties, nor between the defendants and Washburn & Moen.

*Third.* That the complaint did not show, and the facts therein stated did not constitute, a cause of action.

Whereupon the court granted such motion and dismissed the complaint; to each and every part of which decision the plaintiffs' counsel then and there excepted.

The judge thereupon, on motion of plaintiffs' counsel, directed the exceptions to be heard in the first instance at the general term, and that judgment in the meantime be suspended.

P. J. JOACHIMSEN, *for plaintiffs.*
A. BOARDMAN, *for defendants.*

*By the court,* MONELL, J.   No question arises in this case upon the exceptions of the plaintiffs to the dismissal of their complaint.   If the ruling of the learned justice in excluding the evidence offered in support of the plaintiffs' claim was correct, then there was no error in dismissing the complaint, for there was no evidence to support the cause of action. Nor can we now consider the question of the sufficiency of the facts stated in the complaint as constituting a cause of action.   When the plaintiffs' evidence was excluded, a motion had not been made to dismiss the complaint on the ground that there was not a cause of action stated, nor upon any ground; and if the complaint was open to the objection, the deficiency in the statement might have been supplied by proof.   I cannot subscribe to the practice of allowing a defendant to wait until the plaintiff has closed his case, with-

out objecting to the sufficiency of the complaint, and then objecting. Such objection, it is true, is not waived by answering; but if the defendant does answer and goes to trial, he should not be allowed to take the objection after the plaintiff's proof is in, provided such proof establishes a cause of action. The court of appeals, in *Smith* agt. *Countryman* (30 *N. Y. R.* 655, 668), discourages such practice, and holds that if new matter be inserted in an answer not constituting a defense, it should be demurred to; and that the practice resorted to in that case to correct the pleadings by motion at the trial, was not warranted by the Code, "and should not be encouraged." So it has been frequently held that such objection to the complaint cannot be first taken on appeal. (*Pope* agt. *Dinsmore*, 8 *Abb.* 429; *Winterson* agt. *Eighth Av. R. R. Co.* 2 *Hilt.* 389.) If, however, it is proper to allow such practice, it should be subjected to certain well understood rules, made applicable by the Code, in determining the sufficiency of pleadings, and to the power of the court to grant amendments.

*First.* If the facts proven establish a cause of action, the court may allow the complaint to be amended. (*Code*, § 173.)

*Second.* In the like case, the court may conform the pleadings to the facts proved. (*Id.*)

The power to amend a pleading or to conform it to the facts is discretionary; but it may be exercised in the cases and under the limitations contained in the section I have referred to. If, therefore, on the trial, the defect in the complaint is supplied by proof, the objection may be overruled. (*Lounsbury* agt. *Purdy*, 18 *N. Y. R.* 521; *Emery* agt. *Pease*, 2 *Id.* 64.)

When the questions were propounded to the witness Meyer, a motion to dismiss the complaint had not been made, and the answers to such questions might have overcome the objections to the complaint, by proving a contract of sale from the plaintiffs to the defendants, rendering it proper, in the discretion of the court, to allow an amendment

or to conform the pleadings to the facts. Besides, it does not follow that an objection of variance would have been taken, inasmuch as to make such objection available, it must be proved that the party objecting has been misled. (*Code*, § 169.)

It seems to me, as the case stood when the evidence was sought to be given, it was error to exclude it. Such evidence, it was doubtless expected, would show a right to recover a judgment; and if it had proved sufficient to have enabled the court to give judgment according to the facts stated and proved, such a judgment might have been rendered, "without reference to the form used or the legal conclusions adopted by the pleader." (*Wright* agt. *Hooker*, 10 *N. Y. R.* 59.)

But I also think the complaint contained a statement of facts sufficient to constitute a cause of action. The pleading was inartistically drawn, redundant, and in parts irrelevant. It, however, alleged that the plaintiffs were sole agents "for a certain article of commerce known," &c.; that it was their business to receive orders, and to order the goods from the manufacturers; they, in fact, obtaining them and delivering them to the persons giving the orders. Their mode of business was, upon receiving an order, to order from the manufacturers a corresponding quantity for re-sale to the parties giving the order; and that the meaning of the defendants' order was, that the plaintiffs should order the wire and sell the same to the defendants.

These allegations, if proved, would, I think, establish a sale by the plaintiffs to the defendants. The mere styling themselves "agents" did not take from them the character of principals, if they were such in their dealing with the defendants. Persons who have exclusive right to make sales of particular manufactures within certain limits, frequently style themselves "agents," and receive orders, which orders are filled by the manufacturers. But there is no such relation of principal and agent as would authorize the manufac-

turer to sell in his own name. Such persons stand in the relation of principals to their customers, and can enforce their contracts in their own names. Hence, in this case, if the plaintiffs had been permitted, they might have proved that, upon receiving the defendants' order, they purchased the goods of the manufacturers and paid for them, and had them ready for delivery. Such proof, it seems to me, would have shown a cause of action in their favor against the defendants.

The objection that the acceptance of the order by the plaintiffs was qualified, and that there is no averment that such qualification was agreed to by the defendants, is obviated by the allegation that part of the wire was delivered and accepted by the defendants, after and under such qualification.

But, I think, without pursuing the argument further, that I have shown that the exclusion of the evidence was improper; and for that reason, even assuming that the complaint was defective, the order dismissing the complaint should be reversed, and a new trial ordered, with costs to abide event.