By the Court.—Freedman, J.
The defendant, by omitting to move for the direction of a verdict, and by going to the jury without objection, conceded that the case presented a sufficient conflict of evidence to authorize its submission to the jury. Having voluntarily taken the chance of a favorable verdict at their hands, which would -have concluded the plaintiff upon the facts, we must hold upon the authority of Rowe -y. Stevens, recently decided by this court, and reported in 34 N. Y. JSupr. Ct. S., p. 436, that the defendant cannot be permitted to complain of an adverse verdict by arguing that the case presented no evidence to be submitted to the jury, or at least presented such a preponderance of evidence on defendant’s side, as to admit of no other verdict except one in defendant’s favor.
Allowing, at the commencement of the trial, the amount claimed in the complaint to be increased from $3,000 to $5,000, without a previous notice of motion therefor, was a matter resting in the discretion of the court (Richtmeyer v. Remsen, 38 N. Y. 206; Meyer v. Fiegel, 7 Rob. 122). Hot the slightest harm has accrued to the defendant from such amendment, and consequently no reason exists for the interference of the General Term with the exercise of that discretion.
The detailed statements made by the court, in charging the jury, of other similar cases and of the action of the courts therein, and the remark to plaintiff’s counsel in reply to said counsel’s announcement, that he had no exceptions to take, involve no error, but present mere questions of propriety. These are not re viewable on a bill of exceptions, and can only be considered on *128 a motion for a new trial, if assigned as a specific ground for the granting of a new trial, for the reason that the jury may possibly have been influenced thereby. Not having been thus urged, we must disregard them on appeal.
Defendant’s exceptions to the rulings of the court below in admitting certain evidence, and to the refusal of the court to reinstruct the jury, after their retirement under an elaborate charge covering the point respecting which additional information was sought, are clearly untenable.
On the trial, defendant’s superintendent testified that “if a passenger leaves one car, and gets on another, he “ must either pay his fare or produce a transfer. If he “does neither, the instructions of the company are “to put him off, using as little force as may be neces- “ sary. The only guide to the conductor is the fare or “a transfer.” Upon this testimony the court was justified in charging, that putting a passenger off from a car in case of refusal to pay fare, is within the line of the duty and employment of defendant’s conductors. And the jury having by their verdict adopted plaintiff ’ s version of the occurrence, instead of believing the testimony of defendant’s witnesses, defendant’s liability to respond in damages became fully established. For it is well settled that, if an act is done by a servant in the business of the master and within the scope of his employment, the master is liable to third persons for any abuse of the authority conferred, and for injuries resulting from any error of judgment or mistake of facts by the servant, as well as for those resulting from a negligent or reckless performance of his duties. This rule applies equally to corporations and natural persons (Weed v. The Panama R. R. Co., 17 N. Y. 363; Sandford, Adm’r, v.The Eighth Av. R. R. Co., 23 N. Y. 343; Drew v. The Sixth Av. R. R. Co., 26 N. Y. 51; Higgins.v. The Watervliet Turnpike Co., 46 N. Y. 23).
*129 The remaining question, therefore, is to what extent the law will hold the defendant liable. This is a grave and most important question. Upon this point the jury were instructed that, in case they found for the plaintiff, they might assess exemplary as well as compensatory damages. The latter were held to be such as would compensate the plaintiff for the injuries actually sustained, including his pain and anguish of mind and body. The former were defined as damages which are given as an example, by way of punishment, to prevent a repetition of the wrongful act complained of, and they were described as something in the character of a punishment by the people, with the difference, however, that the person injured is the one that recovers the damages-, instead of the people, by fine or imprisonment. At the same time the jury were severely cautioned against rendering a verdict for an excessive amount. They were instructed that the case is not one calling for severe punishment; that if they came to the conclusion that they must find damages for the plaintiff, and that they must be exemplary as well as compensatory damages, they should consider the character of the offence, and affix a sum within the limits of reason, by way of example, but not as an act of impulse or of passion; and that they should decide between the plaintiff and the corporation defendant as they would decide between man and man. These definitions and instructions were not only substantially correct, but eminently proper, if the case itself justified the instruction in any manner that the jury might give exemplary in addi tion to compensatory damages. Damages for pain and anguish of body and mind are not exemplary or punitory in their character, in any strict or proper sense of those terms, but compensatory (Morse v. The Auburn & Syracuse R.R. Co., 10 Barb. 621); and in actions for injuries to the person occasioned by the negligence of the defendant, it has been repeatedly held, *130 that the plaintiff may recover damages for his pain and suffering not only down to the time of the trial, "but future suffering, which, the evidence renders reasonably certain must necessarily result from the injury, may also be compensated (Curtis v. Rochester & Syracuse R.R. Co., 18 N. Y. 534, affirming S. C., 20 Barb. 282; Caldwell v. Murphy, 1 Duer, 233, affirmed in 11 N. Y. 416).
The same rule as to compensatory damages applies with still greater force to actions of assault and battery, and it is no answer to the enforcement of the rule that the assault was committed by an agent, if committed by such agent in the line of his duty and within the scope of his employment. In such case'the master is liable as principal.
How, in Caldwell v. The Hew Jersey Steamboat Co., 47 N. Y. 296, the present Court of Appeals fully endorsed the principle that, in any case where exemplary damages may be recoverable against the servant, they should be allowed against the master, if it appears that he had reasonable notice of the negligent habits of the servant, or if he left the servant without control or supervision in the work. In addition, it was distinctly held, that corporations are not exempt from the infliction of punitive damages in a proper case. That the case at bar is one of that character, seems to be clearly apparent from the decision of the Supreme Judicial Court of Maine in Goddard v. The Grand Trunk Railway, reported as a leading case upon the points involved in the 10th volume of the new series of the American Law Register. Justice Walton, in delivering the opinion of the court in that case in favor of sustaining a verdict of $4,850, discusses at length the question of the liability of corporations as common carriers of passengers for the unlawful acts of their employes committed upon such passengers, to whom the said corporations, as such carriers, owe the legal duty of exer *131 cising the highest degree of care that human judgment and foresight are capable of, to make the journey safe. He then gives an interesting review of the origin, growth, and application of the doctrine of exemplary damages, and points out that the said doctrine is even more beneficial in point of public interest in its application to corporations than in its application to natural persons. His reasoning upon this point commends itself so forcibly to the intellect, and is so fully sustained by "the numerous authorities cited in its support, that further elaboration of the subject here would be a work of supererogation. A simple reference to. it is amply sufficient.
There being no error in the proceedings below, the judgment and order appealed from must be severally affirmed with costs.