## VARY v. THE B., C. R. & M. R. Co.

1. **Master and Servant**: GENERAL AND SPECIAL RELATION. A person may be the general servant of one, and at the same time the special servant of another, in respect of some particular service.

2. ———: RIGHT OF ACTION: PERSONAL INJURY. One who is in the joint service of two employers and is injured in such service, has his election to sue either or both his employers.

3. ———: APPLICATION OF RULE. V. was in the general employment of the C. & N. W. R. Co., his duty being to attend to the switches and couple and uncouple its cars and those of defendant at a station where they used a common track. His wages were paid by both companies, although he received them from the former. He was injured while coupling the cars of defendant: *Held*, that he was at the time defendant's servant, and could maintain an action against it for injuries caused by its negligence.

*Appeal from Linn District Court.*

WEDNESDAY, DECEMBER 29.

THE plaintiff in his petition states that the defendant is a corporation under the laws of Iowa, engaged in the business of a common carrier of freight and passengers along its line of railroad, through Linn county, Iowa; that " on a day in 1872,

the plaintiff was in the employment of the Chicago & Northwestern Railway Company as a switchman, at Cedar Rapids, Iowa, and it became his duty as such to switch and couple and uncouple all the cars of both the Chicago & Northwestern Railway Company, and the defendant, The B., C. R. & M. R. Co., in the freight yard at Cedar Rapids, the same tracks and warehouses being used by both companies for such purposes; and plaintiff was paid jointly for his services by both companies, but received his pay from the Chicago & Northwestern Railway Company alone, and the defendant company paid the Chicago & Northwestern Railway Company its share."

It is further alleged that, during such service and employment, "it became the duty of plaintiff to couple together two cars belonging to the defendant standing upon a side track at Cedar Rapids, and while plaintiff was coupling said two cars, using all due care and prudence, by reason of the draw-bars of both said cars being out of repair, which was unknown to plaintiff but well known to the defendant, the draw-bars were shoved in and the dead-woods came together, and by reason of which plaintiff's hand was caught between the dead-woods of said cars, and his thumb and two fingers crushed, and by reason of which the plaintiff has lost his thumb and two fingers, thereby greatly and permanently injuring him for life, causing great pain and suffering and to his damage five thousand dollars; that such injury was caused by the negligence of the defendant in not keeping its cars and the draw-bars of the same in reasonably good repair, and without any fault or carelessness of plaintiff. Plaintiff has been further damaged by reason of the premises in the sum of five hundred dollars, by loss of time and surgeons' bills paid by him. Wherefore plaintiff asks judgment."   *   *   *

The defendant demurred to the petition on the following grounds:

1. Because it shows that at the time of the accident plaintiff was in the employment of the Chicago & Northwestern Railroad Company.

2. The petition shows that the relation of master and servant did not exist between the plaintiff and defendant.

3.  In order to recover, plaintiff must aver and prove that at the time of the alleged injury he was an employe of the defendant, and that the same was caused by the negligence of the agents, or the mismanagement of the engineers or other employes of the defendant.

4.  (*This is the same as the second.*)

This demurrer being sustained, and the defendant refusing to amend, judgment was rendered for defendant for costs. Plaintiff appeals.

*I. M. Preston & Son,* for appellant.

The implied contract of a railway company to carry safely does not include responsibility for the negligence of third persons not under the control of the company. (*Wright v. Midland R. Co.,* L. R., 8 Exch., 137.) Servants who are employed by one person may nevertheless be, *ad hoc,* servants of another in a particular transaction, and that, too, when their general employer is interested in the work. (Shearman & Redfield on Neg., § 73.)

*A. S. Belt,* for appellee.

There can be no fault or negligence or breach of duty where there is no service or contract to be performed or fulfilled. (*Sweeny v. Old Colony R. Co.,* 10 Allen, 372.) Whenever a wrong arises out of a breach of a contract, the party who made the contract alone can sue. (*Winterbottom v. Wright,* 10 Mees. & Wel., 189.) To constitute one the servant of another, the latter should either have employed him, paid him, or have him under his control. (*Martin v. Temperly,* 45 E. C. L., 311.) Defendant's negligence is too remote to sustain the action. (*Crain v. Petrie,* 6 Hill., 522; *Ryan v. N. Y. Cen. R. Co.,* 35 N. Y., 210.)

MILLER, CH. J.—We do not deem it necessary to discuss and decide the question whether it is essential to the right of the plaintiff to recover for personal injuries caused to him through the negligence of a railroad company, that the relation of master and servant should exist, since, as we under-

stand the allegations of the petition in this case, this relation is shown to have existed. The effect of these averments is, that by virtue of an arrangement or agreement between the plaintiff and the two railroad companies named, it was the duty of plaintiff to switch and couple and uncouple the cars of both railroads; that although he was in the general employment of the Chicago & Northwestern Railway Company, he was jointly paid by both companies, and it was his duty and a part of his work and employment to perform certain services for the defendant; that at the time of performing these services he was injured by reason of the negligence of defendant. While engaged in performing this service for the defendant, with the knowledge and agreement on its part that plaintiff should perform this service and for which defendant agreed to and did pay, plaintiff was the servant of defendant. He was performing services for defendant under an agreement that he should do so, and for which the defendant was to and did pay.

These facts are sufficient to create the relation of master and servant, and the fact that plaintiff was in the general employment of another company does not change the matter, since a person may be the general servant of one and the special servant of another; that is, he may perform special services for one while he is the general servant of another, and while performing such special service he will be the servant of the one for whom such services are performed, as to that particular service. See *Laugher v. Pointer*, 5 B. & C., 559.

*1. MASTER and servant: general and special relation.*

We are of opinion that the petition shows plaintiff to have been in the performance of service for the defendant at the time he was injured, by virtue of a contract between them that plaintiff should do so. This makes the plaintiff defendant's servant in that transaction. If, however, the averments of the petition be understood as showing that plaintiff was the joint servant of the two railroad companies, (and we think it cannot be construed to do less than this,) still plaintiff has his election to sue one or both of them. This principle is elementary, and needs no citation of cases in its support.

*2. ——: right of action: personal injury.*

We do not think the case of *Winterbottom v. Wright*, 10 Mees. & Wel., 189, cited by appellee, is in point. The cases are entirely different. Nor is our conclusion herein inconsistent with the other authorities cited by appellee.

REVERSED.