LENORA MORENUS, Respondent, v. IRA CRAWFORD
AND NEHEMIAH HOAG, Appellants.

*Civil damage act — action against two defendants jointly — cannot be sustained
by proof of separate sales.*

In this action, brought by a married woman to recover damages under the Civil
Damage Act, the complaint alleged, among other things, that the defendant
Crawford resided in one village and the defendant Hoag in another; that, on
May 15th, 1875, "the said defendants wrongfully, conspiring and intending to
injure said plaintiff, at their places of residence aforesaid, gave and sold
intoxicating liquors to the said J. M., the plaintiff's said husband, * * * which
he drank;" and that, in consequence thereof, he became intoxicated and killed
a horse belonging to plaintiff, to which complaint the defendants separately
interposed general denials.

*Held,* that, even if the allegations as to a conspiracy were rejected as surplus-
age, the complaint charged a joint sale, and that it was not sustained by
proof of separate sales by each defendant, at his place of residence. (Tappan,
J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon
the report of a referee.

The action was brought under the Civil Damage Act to recover
the value of a horse owned by the plaintiff, a married woman,
which was killed by her husband, while intoxicated. The com-
plaint alleged:

"I. That she is, and for about ten years last past has been, a
married woman; that John Morenus is her husband; that she,
with her said husband, resides in the town of Lisle, Broome
county, N. Y.

"II. That in and previous to the month of May, 1875, and to
the time of its death, as hereinafter stated, she was the owner of
a valuable horse, which was her sole and separate property.

"III. That, in the month of May aforesaid, the said defend-
ant Crawford resided in the village of Berkshire, and the said
defendant Hoag resided in the village of Richford, Tioga county,
N. Y.; that each kept a hotel at his place of residence and sold
intoxicating liquors at all times, and in quantities to suit the pur-
chaser.

"IV. For a further cause of action, the said plaintiff alleges:
That on or about the 15th day of May, 1875, the said defendants

wrongfully conspiring and intending to injure the said plaintiff, at their places of residence aforesaid, gave and sold intoxicating liquors to the said John Morenus, the plaintiff's said husband, in small and large quantities, which he drank; and, from the effects of the intoxicating liquor so sold and given to the plaintiff's said husband as aforesaid by the said defendants, he became and was intoxicated; and, while so intoxicated, caused by drinking the intoxicating liquor sold and given to him by the said defendants, and by reason of said intoxication, he killed plaintiff's said horse or mare, which was of the value of one hundred and fifty dollars." To the complaint, the defendants interposed separately general denials.

The referee found, among other things:

"That, on the 15th day of May, 1875, said defendants, each separately, at his place of residence, and without conspiracy or concert between them, by selling intoxicating liquors, caused the intoxication, in whole or in part, of said John Morenus, said plaintiff's said husband, such selling by each of them contributing to such intoxication; and, in consequence of such intoxication of said John Morenus, the said horse of said plaintiff was then and there killed and became worthless, whereby said plaintiff in this action was injured in her property in consequence of such intoxication in said sum of one hundred and fifty dollars," and directed judgment for the plaintiff.

*Eugene B. Gere* and *J. W. Hopkins*, for the appellants.

*A. McDowell*, for the respondent. The action was properly brought against the defendants jointly. Intoxication constitutes the gist of the action, and was produced by the joint and concurrent effect of the liquor sold by each of the defendants. The liquor sold by either defendant, while it contributed to, might not have produced, intoxication; but, when the liquor sold by each came in contact, its joint effect produced the intoxication complained of, and made it the joint act of the defendants. (*Colgrove* v. *The Harlem and New Haven R. R. Cos.*, 6 Duer, 402, 403, 404, 407; affd., 20 N. Y., 492; *Barrett* v. *Third Avenue R. R. Co.*, 45 id., 628; *Webster* v. *Hudson River R. R. Co.*, 38 id., 260.)

LEARNED, P. J.:

I agree with much that is said in the opinion of Judge TAP-PAN, but I cannot concur in the result. We may, perhaps, assume that the allegation of conspiracy could be treated as surplusage; but, even then, we have the allegation of a joint act by two defendants, and the proof of two separate acts, for which there is no joint liability. This is not a mere misjoinder of several causes of action; such a misjoinder arises when a plaintiff has several causes of action against the same defendant, which are such in their nature that they may not be united.

But, if a plaintiff should sue two defendants on an alleged joint note, and on the trial should offer to prove two separate notes — one made by each defendant — he could not be allowed to do this, although the defendants had not set up a misjoinder in their answer; or, if a plaintiff had alleged a joint assault and battery against two defendants, he could not sustain the complaint by proof of two separate assaults, one by each defendant.

Two separate, wrongful acts, or acts giving a cause of action, committed severally by two defendants, do not warrant a joint action or joint recovery.

The complaint must be construed as alleging a joint sale by the defendants. This the plaintiff failed to prove. Two separate sales by the defendants severally do not prove the allegations. Possibly the plaintiff might have been allowed to elect, and to recover against one or the other of the defendants; but we need not decide that. It is enough that he could not recover against both for their several acts. The case of *Blossom* v. *Barrett* (37 N. Y., 436,) was one where the two alleged causes of action were against the same party; one for fraud in procuring a marriage, the other for assault and battery. So the case of *Winterson* v. *Eighth avenue* (2 Hilt., 389,) was one for damages, alleging that an accident occurred by a conductor's negligence, and also that it occurred by his willful act. These cases do not touch this present question.

The case of *Fosgate* v. *Herkimer Manufacturing Co.* (12 N. Y., 580,) was an action to recover possession of land, brought against one person, and several who held under him, according to the peculiar provisions of the statute. The cause of action was

only for recovery of one piece of land, and the persons having possession of parts of the land as tenants under the adverse claimant were made parties. This case is not analogous to the present.

The judgment should be reversed and a new trial granted, and the reference discharged, costs to abide the event.

Tappan, J., (dissenting):

Appeal from a judgment entered upon the report of a referee in favor of the plaintiff.

The action is brought to recover damages under chapter 646, Laws of 1873, the act known as the "Civil Damage Act."

The complaint alleges that for ten years before the commencement of the action plaintiff had been a married woman, the wife of John Morenus; that in and before the month of May, 1875, she was the owner of a valuable horse, which was her sole and separate property; that in May, 1875, the defendant Crawford resided in the village of Berkshire, Tioga county, in this State, and the defendant Hoag resided in the village of Richford, in said county; that each kept a hotel at his place of residence, and sold intoxicating liquors; that on the 15th day of May, 1875, "the said defendants wrongfully conspiring and intending to injure said plaintiff, at their places of residence aforesaid, gave and sold intoxicating liquors to the said John Morenus, the plaintiff's said husband, * * * which he drank, and from the effects of the said intoxicating liquors so sold and given to the plaintiff's said husband, as aforesaid, by said defendants, he became and was intoxicated; and while so intoxicated, caused by drinking the intoxicating liquors sold and given to him by the said defendants, and by reason of the said intoxication, he killed plaintiff's said horse, which was of the value of one hundred and fifty dollars."

Defendants answered the complaint separately by a general denial only. The referee reported, upon sufficient evidence given at the trial, that the defendants resided at the places stated in the complaint, and each kept a tavern at his place of residence; that on the 15th day of May, 1875, each separately at his place of residence, *and without conspiracy or concert between them*, by selling intoxicating liquors, caused the intoxication in whole or in part

of said John Morenus, said plaintiff's said husband, such selling by each of them contributing to such intoxication; and in consequence of such intoxication of said John Morenus, said plaintiff's said husband, the said horse of said plaintiff was then and there killed, whereby said plaintiff was injured in her property in consequence of such intoxication in the sum of $150; and, as conclusion of law, the referee held that the plaintiff had a right of action against each of such defendants for the value of said horse, and interest from May 15th, 1875, "and that no objection to the joinder of the cause of action against said defendants having been taken, either by demurrer or answer, said plaintiff should have judgment" for such sum and costs, and judgment was rendered accordingly.

During the trial defendants objected to proving the sale of liquor until the conspiracy was first established; also to the proof of separate action of one defendant as against the other. These objections were overruled, and the referee's ruling properly excepted to.

At the close of the evidence each defendant moved that the complaint be dismissed, because it did not state facts sufficient to constitute a cause of action against him; also for the reason that it did not state a cause of action against the defendants jointly; also because the plaintiff had failed to make out a cause of action against either of such defendants, or against defendants jointly. Also for the reason that there was a fatal variance between the proofs and the allegations of the complaint; that the complaint sets forth a joint liability, and the evidence shows, if anything, an individual liability; that plaintiff, to maintain her cause of action, must prove a joint liability. Each one of these requests were separately overruled, and an exception taken.

According to the finding of the referee, the sale of intoxicating liquors by the defendants to John Morenus was at different times and at different places, without conspiracy between them. In such a case a joint action would not lie. (*Jackson* v. *Brookins et al.*, 12 N. Y. S. C., 530, opinion 534.) Such joint action is not expressly given by the act, nor is the right to maintain it fairly implied from its provisions. The same point has been decided in the same way by the Supreme Court of Iowa, in *Vary* v. *B. C.*

*R. & M. R. Co.* (42 Iowa, 246). The referee seems to have taken this view of the case, but held that because no objection to the improper joinder of causes of action had been taken by demurrer or answer, defendants had waived their right to raise such objection at the trial.

The action was tried while the Code of Procedure was in effect, and the correctness of this position is to be judged by its provisions.

By section 144, it is provided that the defendant may demur to the complaint when it shall appear upon the face thereof * * * that several causes of action have been improperly united.

Here it did not appear from the face of the complaint that the different acts of selling intoxicating liquor therein alleged were the separate acts of the defendants, but the complaint charged the acts as the *joint acts* of the defendants, pursuant to a wrongful conspiracy between them, with intent to injure the plaintiff.

The complaint would have been sufficient upon demurrer.

Section 147 provides that, when any of the matters enumerated in section 144 do not appear upon the face of the complaint, the objection may be taken by answer; and section 148 provides that, if no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action.

The cause of action alleged in the complaint is not a wrongful conspiracy to sell intoxicating liquors to plaintiff's husband, with intent to injure her. The referee properly treated such allegation as surplusage, and the failure of plaintiff to prove the same immaterial. He properly decided that the real cause of action was the sale or gift of intoxicating liquors by defendants to the plaintiff's husband, whereby he became intoxicated; and, while in that condition, and by reason thereof, injured the property of the plaintiff.

The joint acts charged in the complaint were, in fact, as appeared by the proofs on the trial, the separate acts of the defendants, for which they were liable to separate actions by the plaintiff. (12 N. Y. S. C. R., 530.) This defense could have been raised by each of the defendants, by setting up the facts in

his answer; not having thus alleged the improper joinder of two distinct, separate causes of action against each of the defendants, he waived the objection, and could not avail himself of it when the facts appeared at the trial.

The proofs showed a cause of action against each defendant, for which the referee properly gave judgment.

This principle was decided in the following cases: (*Fosgate* v. *Herkimer Mfg. and H. Co.*, 12 N. Y., 580; *Winterson* v. *Eighth Avenue R. R. Co.*, 2 Hilton, 389; *Blossom* v. *Barrett*, 37 N. Y., 436.)

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and TAPPAN, JJ.

Judgment reversed; new trial granted; reference discharged; costs to abide event.