WM. E. MOLING, ·Respondent, v. J. F. BARNARD, Receiver,· Appellant.

### Kansas City Court of Appeals, March 23, 1896.

1. **Evidence**: RECEIVERSHIP: ADMISSION. The admission by an attorney in open court of the official capacity of the defendant is conclusive, and the plaintiff can not be required to produce legal proof thereof.

2. **Railroads**: KILLING STOCK: JOINT OPERATION OF TWO ROADS: LIABILITY. If a train which kills stock is under the joint control of officers of two railroad companies, then either or both of said companies are liable.

3. ——: ——: EVIDENCE: PRESUMPTION. Where two roads are operated by the same agents and there is no evidence that the train killing the stock was the train of one of the roads, in view of the other facts in this record it is presumed to be the train of the other road.

*Appeal from the Gentry Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Ed E. Aleshire* and *Aleshire & Benson* for appellant.

(1) Defendant's instruction number 2, in the nature of a demurrer to the evidence, should have been given, because there is no proper proof showing that J. F. Barnard was the receiver of the Omaha & St. Louis Railroad Company. The admission was not an admission that he was receiver ·for the purpose of running trains of cars over the road, as alleged in the complaint, and plaintiff's counsel were not satisfied with this evidence and considered it inadequate to prove that part of their case. The fact that Mr. Barnard was reputed as having been known and designated as

receiver of defendant's road is not proof that he was in fact receiver and appointed by the United States circuit court for the southern district of Iowa, as is stated in plaintiff's complaint. This testimony is not what the law requires. *International & G. N. Co. v. Moore*, 32 S. W. Rep. 379. (2) The court should not have given plaintiff's instruction, as there is no evidence that the Omaha & St. Louis Railway Company killed the mare in question. Where, in an action against a railroad company for stock killed, the complaint alleges the killing of the stock by defendant's train, and there is evidence that another company also runs trains over the road, to support a verdict against the defendant it must be shown that the stock was killed by one of defendant's trains; and in this testimony there is an entire lack of anything that will indicate what company killed the stock. *Lake Erie & W. R. Co. v. Rooker*, 41 N. E. Rep. 470; *Smith v. Railroad*, 85 Mo. 418; *Farley v. Railroad*, 72 Mo. 338.

*McCullough & Peery* for respondent.

(1) There could be no higher proof of these facts than such an admission made in open court for the purpose of obviating the necessity of proving them in the regular way. This is elementary law. 1 Greenl. Ev. [13 Ed.], secs. 27, 186, 205; 2 Whart Ev., secs. 1110, 1184, 1185; *State v. Brooks*, 99 Mo. 137; *Wright v. Town of Butler*, 64 Mo. 165; *Shirts v. Overjohn*, 60 Mo. 308, *loc. cit.* (2) "If the defendant was at the time in the possession of and running and operating the railroad in question, he was presumptively the owner; and in the absence of a contrary showing the court would be authorized in holding the defendant to be the owner. If the defendant had any such defense as this it should have introduced the contra-

dictory testimony, and not trusted to this 'hanging upon the mere bark' or slip of the tongue." *State to use v. Railroad*, 46 Mo. App. 466; *Geiser v. Railroad*, 61 Mo. App. 462, *loc. cit.* (3) When plaintiff proved that defendant was in full possession and control of the road, and running and operating it, and that the animal had escaped through a defective gate and was found dead near the track, bruised, with two limbs broken, and the marks of having been dragged some distance along the ties, he made a *prima facie* case. *Keltenbaugh v. Railroad*, 34 Mo. App. 147; *Kinion v. Railroad*, 39 Mo. App. 382; *Duke v. Railroad*, 39 Mo. App. 105. If the defendant was relying upon the defense that the animal was killed by the train of another company, for which he was not responsible, he should have refrained from misleading the plaintiff by making the admission heretofore mentioned, and should have introduced his evidence to rebut the *prima facie* case made by plaintiff. (4) If the information of its learned counsel be correct, it follows that defendant could not have escaped liability, even if it had been affirmatively shown (and there was not an iota of evidence of the fact) that the train which struck the animal was made up of an engine and cars belonging to the Wabash. For, if it was under the direction of officers who are in the joint employ of the defendant and the Wabash, the defendant would still be liable. *Railroad v. Carroll*, 6 Heisk, 347; *Vary v. Railroad*, 42 Iowa, 246; *Barrett v. Railroad*, 45 N. Y. 628; *Railroad v. Shacklett*, 105 Ill. 364; *Smith v. Railroad*, 85 Mo. 436, *loc. cit.*; *Hurlburt v. Railroad*, 31 S. W. Rep. 105.

SMITH, P. J.—This is an action based on section 2611, Revised Statutes, to recover damages for the killing of a mare, the property of the plaintiff, by the locomotive and cars of the Omaha & St. Louis Railway

Company, of which railway company the defendant Barnard was receiver.

There was a trial and judgment for the plaintiff. Defendant has appealed.

The defendant in his brief states that: "There are but two simple questions presented by the record, namely: *First.* That the receivership was improperly proven; and, *second,* that the evidence wholly failed to show which of the railroads mentioned in the testimony killed the animal in question."

The first of these objections finds quite a sufficient answer in the admission of record made by the defendant's counsel, at the very inception of the trial, which is as follows: "The defendant admits that on the thirtieth day of September, 1894, he was the receiver of the Omaha & St. Louis Railway Company, and that at said date (that on which the plaintiff's mare was killed) he was operating the said railway as such receiver, in the county of Gentry and state of Missouri." This was an admission *in judicio,* which was expressly made as a substitute for proof of the fact. It is of a class of admissions which fall under the head of conclusive presumptions of law. The recitals of the admission are conclusively presumed to be true. 1 Greenl. on Ev., secs. 27, 186, 205; Wharton's Ev., secs. 1110, 1184, 1185; *State v. Brooks,* 99 Mo. 137; *Young v. Wright,* 1 Camp. 139. And this admission of defendant's counsel so made is supplemented by testimony which was received without objection, to the effect that the defendant was operating said railway, at the time and place the plaintiff's mare was killed. Even if the proper way to prove defendant's receivership was by the production of a duly certified copy of the record of the court showing the appointment, yet this was, according to the authorities just cited, dispensed with by the solemn admissions of defendant's

counsel. It follows that the defendant's first point must be ruled against him.

And as to the second point of objection, it is to be observed the testimony of the counsel for the defendant discloses the fact that the trains of both the Wabash railway and the Omaha & St. Louis railway were run over the road of the latter, under the direction of certain officers at Stanberry, who were in the joint employ of the receiver of such latter company and the Wabash Railway Company. If therefore the control of the operation of the defendant's railway was joint, and the train which injured plaintiff's mare was under the joint control of the officers and agents of the receiver of the Omaha & St. Louis Railway Company, and the Wabash Railway Company, then either or both of said companies were liable to plaintiff for the damages he sustained. *Railroad v. Carroll*, 6 Hark. 348; *Vary v. Railroad*, 42 Iowa, 246; *Railroad v. Shacklet*, 105 Iowa, 364.

It is in effect conceded in the argument here that the plaintiff adduced evidence sufficient to entitle him to recover under the damage act, for the loss of his mare, against one or the other of said companies, the only question being as to which of them inflicted the injury and is, consequently, liable therefor. If we are in error in our conclusion that the said companies are liable, under the rule just stated, then we think the plaintiff is entitled to recover on another ground, which is this: There being no evidence that a locomotive and train of the Wabash company struck and killed the plaintiff's mare, in the absence of such proof, we may, from the solemn admission made by defendant's counsel, stated at the outset, that the defendant, at the date of the injury to plaintiff's mare, was operating said Omaha & St. Louis railway, presume that the injury was inflicted by the locomotive and cars of the latter.

*Railroad v. Booker*, 41 N. E. Rep. 470; *Railroad v. Carson*, 4 Ind. App. 470; *Railroad v. Snapp*, 61 Ind. 303. The defendant's second point must likewise be ruled against him.

The court gave quite a number of instructions for defendant, which fully and fairly submitted the case to the jury, leaving the defendant, as we think, no just ground for complaint.

The judgment will be affirmed. All concur.