HENDRICKS *vs.* DECKER.

One in possession of sheep, taken up by him as estrays, may maintain an action of trespass or trover against any person who converts the sheep, unless such person be the owner of the animals, or has the right to their possession.

In such an action it is not erroneous to charge the jury that the defendant is liable for the value of the sheep taken by him from the plaintiff, unless he has shown a better right to the possession of them than the plaintiff has.

Nor is it error to charge that the burthen of proof, to satisfy the jury of the sheep being the same which strayed from the defendant's pasture, rests upon the latter.

One lawfully in possession of animals taken up as estrays has a right to them, as good as that of the finder of a chattel to the article found ; viz. a special property therein, which will enable him to maintain trover against any one converting it, except the owner.

Prior to the code, a former suit and recovery for the same cause of action could be given in evidence under the plea of the general issue, in actions, like ejectment and trover, in which special pleas were not allowed. But now the answer of the defendant, in every case, must contain a statement of any new matter constituting a defense.

Hence a former recovery, whether obtained before or after the joining of the issue, cannot be given in evidence, in any action whatever, under a general denial of the allegations in the complaint, or under an allegation, in the answer, of the pendency of the action wherein the recovery was had.

If the judge has authority to permit an amendment of the answer, on the trial, to enable the defendant to plead a former recovery, it is discretionary with him whether he will do so or not. His refusal to allow the defendant to amend his answer, so as to set up a new defense, is not reviewable on a motion for a new trial.

THIS action was brought to recover the value of sixty sheep that the plaintiff alleged the defendant wrongfully took from his possession and converted to his own use. The action was tried at a circuit held in Schuyler county, in December, 1860, when the plaintiff had a verdict for $120. Judgment was suspended, and the defendant moved for a new trial, on a case and exceptions.

The case showed that the plaintiff took up a flock of about 130 sheep, as estrays, on a farm occupied by him in Schuyler county, in August or September, 1857. He subsequently disposed of all but sixty of the flock, which sixty were the sheep in question. In the fall of 1858 the defendant called

on the plaintiff and demanded the sheep. He claimed they were a part of a flock he was keeping in the spring of 1857, which strayed or were stolen from his possession in the town of Urbana, Steuben county, that spring.

The defendant took the sixty sheep in question from the possession of the plaintiff, in Schuyler county, in the fall of 1858, and drove them to his farm in Urbana, which gave rise to this action.

The other facts necessary to a correct understanding of the questions determined on the motion for a new trial, are contained in the following opinion.

*Crawford & Evarts,* for the plaintiff.

*Clark Bell,* for the defendant.

*By the Court,* BALCOM, P. J. The sheep in question were in possession of the plaintiff as estrays, at the time the defendant took them from him and converted them, in the fall of 1858. Such possession entitled the plaintiff to maintain this action, whether it be trespass or trover, unless the defendant owned the sheep or had the right to their possession. (*Hurd* v. *West,* 7 *Cowen,* 752. *McLaughlin* v. *Waite,* 9 *id.* 670. 1 *Cowen's Tr.* 2d ed. 285. *Id.* 443. *Duncan* v. *Spear,* 11 *Wend.* 54. *Id.* 57, *note.* 16 *id.* 571. 13 *id.* 63.) The defendant's evidence showed that he was keeping the sheep that strayed from his farm in the spring of 1857, for Orlando Shepard. The plaintiff had the right to rebut this evidence by proving that, at that time, the sheep were the property of John T. Raplee and James Shannon; but this proof was subsequently overcome by evidence of arbitration and award between he defendant, Shepard, an Raplee and Shannon. When the evidence was closed, the only material question was whether the sheep were part of the flock that strayed from the defendant's farm in the spring of 1857. The judge submitted this question to the jury. I

do not think he erred in saying to them that the defendant was liable for the value of the sheep which he took from the plaintiff, unless he had shown a better right to the possession of them than the plaintiff had; nor in charging that the burden of proof to satisfy the jury of their being the same sheep, rested upon the defendant; for, he added, if the jury were satisfied from the evidence that the sheep in question were the same which strayed from the defendant's pasture, their verdict should be for the defendant, but if in their opinion that fact was not made out by the evidence, the plaintiff was entitled to their verdict.

The judge properly refused to charge the jury that the possession of the sheep, by the plaintiff, was not sufficient to entitle him to recover, unless it appeared that he was the owner, or that his possession was connected with the owner; or that if they were satisfied from the evidence that the sheep in question were the property of some third person or persons, other than the parties to this action, and with whose title neither party had connected himself, the plaintiff could not recover. The position of the defendant's counsel in regard to this proposition, as I understand it, is that the action is what was formerly called trover, and that proof of title to the property in question in a third person is therefore a defense. The answer to this position is, the plaintiff had possession of the sheep as estrays, and had the right to keep them, as against every body except the owner or some person having a right, from or under the owner, to take them. I think the plaintiff's right to the sheep as good as that of the finder of a chattel to the article found; and it is settled that the finder of a chattel has a special property in it, and may maintain trover against any one but the owner, who shall convert it. (*See authorities cited supra.*) It is therefore unnecessary to determine whether this is an action of trover or trespass; or whether, if the former, and the plaintiff had been only a naked and tortious possessor of the sheep when the defendant took them from him, proof that they were the

Hendricks *v.* Decker.

property of a third person, which did not connect the defendant with the outstanding title, was a defense to the action.

The defendant set up in his answer the pendency of a former action in this court in which he was the plaintiff and the plaintiff herein was the defendant, and in which issue had been joined; and alleged that in the former action, among other things, the cause of action mentioned in this was set out and at issue; and claimed that the former action was a bar and good defense to this.

On the trial of this action the defendant offered in evidence the judgment roll in the former action, with a notice of appeal by Hendricks from the judgment therein, which roll showed that the former action was brought by Decker to recover for that portion of the above mentioned flock of sheep which Hendricks had converted to his own use, and for the wool he had shorn from the whole flock before Decker took the sheep in question from Hendricks; and that Decker recovered the judgment in that action, after issue was joined in this, for the value of that portion of the above mentioned flock of sheep which Hendricks converted, and the value of all the wool he sheared from the whole flock. The roll was objected to by the plaintiff's counsel, on the ground that it was irrelevant and improper, and that the property in controversy in the former action was not the same as in this; also as not properly pleaded by the defendant in his answer. The judge sustained the objection and excluded the roll. The defendant then asked leave to amend his answer so as to set up the judgment in the former action in bar of this; but the judge refused such leave, and the defendant's counsel excepted.

The mere pendency of the former action was not matter in abatement of this. The two actions were brought for differerent causes, though each depended upon the same question, to wit, whether the sheep that strayed from Decker's farm in the spring of 1857, were the same flock which Hendricks took up as estrays in August or September of that year. But

the judgment in the former action would have been a complete defense in bar of this, if it could have been properly admitted in evidence. For it is incontrovertibly established that the judgment of a court of concurrent jurisdiction, upon a question directly involved in the suit, is conclusive in a second suit between the same parties, depending on the same question, although the subject matter of the second action be different. (*Doty* v. *Brown,* 4 *Comst.* 71. *Castle* v. *Noyes,* 4 *Kern.* 329.) But the judgment in the former action was not recovered until after the joining of the issue in this, and has been appealed from, was not set up as a defense, and was not admissible in evidence under the answer. The averment in the answer, of the pendency of the former action, was not sufficient to authorize the admission of the judgment subsequently rendered therein. Prior to the code, a former suit and recovery for the same cause of action could be given in evidence under the plea of the general issue, in actions, like ejectment and trover, in which special pleas were not allowed. (*See Young* v. *Rummell,* 2 *Hill,* 478; *S. C.,* 5 *id.* 61; 6 *id.* 125; 6 *Wend.* 284; 9 *id.* 9.) But now the answer of the defendant, in every case, must contain a statement of any new matter constituting a defense. (*Code,* § 149.) Hence a former recovery, whether obtained before or after the joining of the issue, cannot be given in evidence, in any action whatever, under a general denial of the allegations in the complaint, or under an allegation, in the answer, of the pendency of the action wherein the recovery was had. It therefore follows that the judgment roll in the former action was not admissible in evidence, under the answer in this. If the judge had authority to permit an amendment of the answer, on the trial, in the particular asked for, it was discretionary with him whether he would do so or not; and his refusal to allow the defendant to amend his answer so as to set up a new defense, is not reviewable on this motion for a new trial, it not being claimed that he abused the discretion reposed in him. The safe course for the defendant to have pursued was to make a motion,

upon affidavits and notice, for leave to make a supplemental answer alleging the recovery of the judgment in the former action after the former answer in this was interposed. (*Code,* § 177. *Drought* v. *Curtiss,* 8 *How. Pr. R.* 56.) But it is unnecessary to determine whether that was the only course he could have taken, to enable him to use the former judgment as an estoppel in this action.

The evidence is conflicting upon the question whether the sheep were a portion of the flock which strayed from the defendant's farm in Urbana in the spring of 1857, and the verdict of the jury that they were not, is therefore conclusive upon him.

My conclusion is, that no error was committed on the trial which would justify us in setting aside the verdict.

Motion for a new trial denied, with costs.

[BROOME GENERAL TERM, November 19, 1861, *Balcom, Campbell* and *Parker,* Justices.]