By the Court.*—Robinson, J.
The present action or proceeding was instituted under the mechanics’ lien law of 1863, p. 859, ch. 500, to foreclose a lien filed by the plaintiff, March 4, 1871, upon premises No. 147 West Fifty-third-street, owned by the defendant, or in which she held an equitable title, under an executory contract of purchase. The claim was founded on an account for labor and materials done and furnished, from time to time, at different dates, between September 16 and December 18, 1870, amounting to four hundred and twenty-seven dollars and nineteen - cents. Under the decision of the general term of the court, in Hubbell v. Schreyer, decided March term, 1873 (p. 284 of this volume), the lien, as to any items of the account that had accrued more than three months prior to the filing of the notice of lien, had expired, and as there was no renewal of any such lien during the pendency of the action, in the manner provided by section 11 of the act, and within one year after the filing of the original notice, the entire lien ceased, and the sole remedy that could be afforded was a personal judgment. The question whether the plaintiff had given a personal credit to the husband of the defendant was *402 one of fact, fairly decided by the referee upon conflicting proof, and was warranted by the evidence that he acted for her benefit in procuring this work, &c., to be done and furnished for the benefit of her separate estate, and that she was an undisclosed principal in the transaction. Although an apparent credit is given to the agent, yet the creditor, being unaware of bis relations to the undisclosed principal, has a right of recourse to the latter whenever that relationship comes to his knowledge. The creditor is not to be presumed to elect either as his debtor, until the name and credit of both are before him (Story on Agency, §§ 288, 289, 446).
The entire claim being for the improvement of the defendant’s separate estate, and the services rendered being for its direct benefit, the right of enforcing the debt against her separate property is in no way lessened because her husband acted as her agent in procuring the work to be done (Owen v. Cawley, 36 N. Y., 600).
Where, as in this case, the court acquired jurisdiction under such special proceeding, founded upon a valid lien as to part of .the debt, the omission, during the pendency of the action, to renew it in the manner ’ prescribed by section 11, did not. divest the court of its •original power, as given by section 9, to dispose of the •claims originally brought before it, and to proceed to enforce them, by personal judgment and execution against any of the parties against whom such a judgment was proper, had the action been simply one to recover the debt. Under the acts of 1860, ch. 90, sec. 157, and 1862, ch. 172, the defendant, although a married woman, is subject, as to such a debt, to have her liability enforced against her separate estate in an action at law, the same as if she were an unmarried female; and by section 8 of' the latter act, her husband is relieved from all responsibility for any bargain or contract of the wife in respect to her sole or separate estate. While, however, the right of lien for any portion of the *403 debt had expired when judgment was rendered, the claim against the defendant personally still subsisted, and was in no way affected by the fact that the lien that might (if renewed) have been foreclosed was but for a part of it. There was such an entirety 'in the account for the continuous items of service as a personal debt that but one action could have been brought upon it (Secor v. Sturges, 16 N. Y., 468, and cases cited); and there is no inconsistency in the entirety of the debt as the subject of but a single action, and the existence of a valid lien but for a portion of it. The recovery of the entire debt, growing out of the same transaction for which the partial lien existed, was proper.
Another question is presented as to whether the referee ought hot to have allowed an amendment to the answer, during the progress of the trial, by permitting the defendant to set up an additional defense that at the time of the occurring of the alleged liability or indebtedness she was an- infant. The application was made long after the trial had commenced, without any proof by affidavit or other verification, of the fact, or any reason assigned for the previous neglect to interpose the defense. It was not of any subsisting infancy, which would impair the validity of the judgment (McMurray v. McMurray, 9 Abb. Pr. N. S., 315 ; S. C., 60 Barb., 117), and the only argument to give color to the, alleged error of the referee in refusing the amendment is founded on the clause in the lien law of 1863, ch. 513, § 5, which provides that “the court shall proceed without regard to matters of form, which shall be amendable at all times, while the proceedings progress, without costs, and judgment shall be rendered according to the equity and justice of the claims of the respective parties.”
The amendment asked for was, however, clearly not one as to mere moMer of form, but substantially changed the defense (Code, § 173).
*404 Even if a proper case was presented for an amendment on the trial, of the latter description, its allowance or disallowance is discretionary with the court or referee, and is not reviewable on appeal (Richtmeyer v. Remsen, 38 N. Y., 206 ; Hendricks v. Decker, 35 Barb., 298).
Judgment should be affirmed, with costs.
Daly, Ch. J., and Larbemore, J., concurred.