Barker, J.
T think the trial court made a proper disposition of this case, and in upholding the judgment no wrong or injustice will be done the appellant. By the terms of the judgment, all its rights as now claimed by it in this controversy with the defendant are fully protected. The substance of the allegations as set forth in the complaint are, that the plaintiff purchased of the defendant a parcel of land, a description of which is given, but none of the terms of the alleged agreement are set forth therein. It is then averred, that upon a day named, the defendant executed and delivered a good and sufficient deed of the said lands to the plaintiff upon and for a valuable consideration. This averment is followed by the charge that thereafter the said defendant wrongfully obtained said deed from the plaintiff before it had been recorded, pretending that he intended to make some correction thereof, but cancelled or destroyed the same; that the plaintiff has frequently demanded said deed of the said defendant, but he has refused to deliver the same to the plaintiff or state where it may be found, and he now maintains that the said deed does not belong to the plaintiff, and that the plaintiff has no good and sufficient title to said lands or right to use them; that the plaintiff took possession of said lands and dock privileges under the said deed and is now in possession thereof, and has greatly improved the same; and the prayer for judgment is, that the said defendant be required to return said deed to the plaintiff or pay such damages as may be sustained by reason of its destruction, together with all damages caused by his acts in reference thereto, and such other relief as may be proper.
On this appeal it is unnecessary to notice the second cause of action set forth in the complaint. The plaintiff failed to support the allegation that the defendant executed and delivered the deed described in the complaint, and the Trial Court so found as a matter of fact, and dismissed the complaint with costs. When the proofs were all in, it appeared that the defendant was the owner of the lands described in the complaint, but there was some evidence tending to prove that the defendant had promised to give and convey to the plaintiff certain lands, consisting of about one acre, with certain dock privileges *148 on Niagara River, and that the plaintiff went into the possession after such promises, and made valuable and expensive improvements thereon, and at the time of the commencement of the action was in the possession and use of the same, in connection with the operation of the ferry owned and operated by the company. At the close of the proofs the court stated that the plaintiff had failed to maintain its alleged cause of action as set forth in the complaint, and the same should be dismissed. Thereupon the plaintiff’s counsel moved for leave to amend the complaint, so as to conform to the proofs, and for a decree directing a specific performance of the parol promise to convey the lands to the plaintiff as a gift. The application was denied and the defendant excepted. The decision of the court and judgment contains a provision that the complaint be dismissed without prejudice to any action which the plaintiff may bring to enforce any contract it may have with the defendant for the purchase of the lands and premises in controversy.
The amendment proposed would have substituted an entirely new and different cause of action from the one originally pleaded. The court had no power to grant such an amendment on the trial. It was not a case of variance merely between the proofs and the allegations set forth in the plaintiff’s pleading, but it was a case where there was an entire failure of proof. The plaintiff in its complaint stated a cause of action against the defendant, based upon the alleged fact that the defendant had executed and delivered to the plaintiff a complete and perfect deed of certain lands, and the relief sought was to regain possession of the instrument with damages for withholding the same. The substantial questions at issue between the parties were: first, had the deed described ever been executed and'delivered to the plaintiff, and if so, had the defendant the possession of the same and did he wrongfully refuse to deliver it up to the plaintiff. The trial of these issues did not necessarily : involve the inquiry whether the defendant had the title to or ; any interest in the property, nor whether he was under a legal or equitable obligation to convey the premises to the plaintiff. It was not in any sense a litigation over the title to the lands or in whom the same was then vested. Upon the facts charged • in the complaint the defendant was guilty of a tort, and the plaintiff could have maintained an action at law for damages only, or an action in replevin to regain the possession of the deed and for damages also. If the complaint had been amended in the particulars proposed, then the cause of action would have been for the specific performance of an oral promise on the part of the defendant to give and convey to the plaintiff a parcel of real estate. Allowing the amendment, the cause of action would have been substantially changed, and if a judgement had then been in the plaintiff’s favor it would have been *149 upon a determination of issues wholly different from those set forth in the original complaint. Under Sec. 723, power is given to the court upon the trial to correct any mistake in the pleading and to insert any allegation material to the case, and to conform the pleadings to the facts proved, provided, that the amendment does not change substantially the claim or defense as originally set forth therein. Brown v. Leigh, 49 N. Y., 81; Bockes v. Lansing, 74 N. Y., 437; Niag. Co. Nat. Bank v. Lord, 33 Hun, 557; Dezengremel v. Dezengremel, 24 Hun, 457; Fisk Pavement Co. v. Evans, 37 N. Y. S. C. R., 482; Affirmed on Appeal, 60 N. Y., 640.
These and other authorities lay down the rule that the power of the court to grant amendments upon the trial by conforming the pleadings to the facts proved, is restricted to such amendments as do not change substantially the cause of action or defense. If the power to amend upon the trial was unrestricted, parties might be compelled to litigate matters of which they had no notice, and for which they would be unprepared on the trial and injustice might thereby be done.
But supposing we are mistaken in our views, that by the amendment proposed it would be substituting one cause of action for another, then we are still of the opinion that the trial judge acted wisely in declining to allow the amendment. It was discretionary with the trial judge whether he would do so or not, and his refusal to allow the plaintiff to amend its complaint is not re viewable if this court is satisfied that he did not abuse the discretion vested in him. Richtmeyer v. Remsen, 38 N. Y., 206; McGraw v. Godfrey, 14 Abb. N. S., 397; Hendricks v. Decker, 35 Barb., 298.
It would have been manifestly unjust to have compelled the defendant on this trial to meet and defend a cause of action in its nature and character so widely different from the one set out in the original complaint, where to entitle the plaintiff to relief, the issue to be found and tried would be essentially different and the principles of equity applicable to the case would be altogether dissimilar. In refusing the amendment, we think the learned trial judge did not abuse the discretion vested in him, and, by the terms of the decree, saved to the plaintiff any right of action which it may have of the nature and character which some of the evidence tended to prove.
Judgment affirmed with costs.
All concur.