JOHN WALL, AS GENERAL GUARDIAN, ETC., OF FRANK WALL, APPELLANT, v. CHARLES N. BULGER AND MARY A. CRAWFORD, AS EXECUTORS, ETC., OF PATRICK WALL, DECEASED, RESPONDENTS.

*Action by a general guardian to recover a legacy under section 1819 of the Code of Civil Procedure — the complaint need not allege the facts required to exist to entitle a general guardian to receive a legacy on an accounting — the allegations as to the plaintiff's guardianship in this case held to be sufficient.*

In an action, brought by the general guardian of an infant, under section 1819 of the Code of Civil Procedure, to recover a legacy bequeathed to the infant by the will of the defendants' testator, it is not necessary for the plaintiff to allege in his complaint that the Surrogate's Court has made an order or direction that the legacy should be paid over to the plaintiff, or that the plaintiff has given the security required to entitle him to receive a legacy in a proceeding before the surrogate, nor is he bound to allege that the legacy in question has not been paid into the Surrogate's Court.

The plaintiff, who is described in the title of this action as general guardian of the person and estate of one Frank Wall, alleged in the complaint that he was duly appointed the general guardian of the said Wall, an infant under the age of fourteen years, the person named in the said will as legatee; that letters of guardianship were duly granted to him, and that he thereupon became entitled to receive said legacy as such guardian.

*Held*, that the plaintiff's guardianship was sufficiently averred to entitle him to maintain the action.

APPEAL from an interlocutory judgment, entered in Oswego county upon an order sustaining a demurrer interposed to the complaint.

*D. P. Lester*, for the appellant.

*W. A. Poucher*, for the respondents.

MARTIN, J.:

This is an appeal from an interlocutory judgment sustaining a demurrer to the complaint herein. The action was by the plaintiff as general guardian of an infant, to recover a legacy bequeathed to his ward by the will of the defendants' testator. The demurrer was on the ground that the complaint did not state facts sufficient to constitute a cause of action. That the plaintiff, as the general guardian of the infant legatee, can maintain this action, seems not only to be practically conceded by the respondents but to be sustained by the following authorities: *Thomas* v. *Bennett* (56 Barb., 197); *Hauenstien* v. *Kull* (59 How., 25); *Coakley* v. *Mahar* (36 Hun, 157); *Bayer* v. *Phillips* (10 N. Y. Civ. Pro. R., 227); *Perkins* v. *Stimmel* (42 Hun, 520).

The defendants claim that the complaint is defective in the following particulars only : (1.) "That the complaint does not state that the Surrogate's Court has made any order or given any direction that the legacy should be paid to the plaintiff, and, if not already paid into the Surrogate's Court, is required by law to be so paid, to the exclusion of the plaintiff. (2.) There is no allegation in the complaint that the legacy has not, and had not, before this action was commenced, been paid into the Surrogate's Court as the law directs. (3.) That there is no allegation in the complaint that the plaintiff has given the security required of him by law to entitle him to receive the said legacy. (4.) There is no allegation in the complaint that the plaintiff has ever been appointed guardian of the property of the infant Frank Wall, nor any allegation implying that fact."

If it was necessary for the plaintiff to allege the facts referred to in the first three grounds upon which the respondents seek to uphold this judgment, then it is clear that the court below properly sustained this demurrer, because they are not alleged in the complaint. Was it necessary to allege them? We think not. In a proceeding for an accounting before the surrogate the order and security mentioned would have been required. But this is not such a proceeding; this is an action under section 1819 of the Code of Civil Procedure.

This court has concurrent jurisdiction with the Surrogate's Court to enforce the payment of legacies. This action while pending, and when determined, will be a bar to a proceeding before the surrogate by plaintiff to require the defendants to render their account and pay said legacy. (*Lewis* v. *Maloney*, 12 Hun, 207; *Pittman* v. *Johnson*, 35 Hun, 41; affirmed, 102 N. Y., 742; and cases cited.) This action is wholly independent of the proceeding provided for, by section 2746 of the Code of Civil Procedure. The acts required to entitle a general guardian to receive a legacy on an accounting before a surrogate, need not be alleged in a complaint, in an action under section 1819. Hence, it was unnecessary for the plaintiff to allege either that the Surrogate's Court had made an order or direction that the legacy should be paid over to the plaintiff, or that the plaintiff had given the security required to entitle him to receive a legacy in a proceding before the surrogate. Nor, was the plaintiff bound to allege that the legacy in question had not been paid into the Surrogates Court. If a proceeding had been instituted before that court for an accounting, and to compel the defendants to pay this legacy to the plaintiff, then, payment into that court would, doubtless, have been a bar to this action; but, it would constitute an affirmative defense and would have to be pleaded as such. (*Hendricks* v. *Decker*, 35 Barb., 298; *Henderson* v. *Scott*, 32 Hun, 413.) This would also be true, if it were to be treated as a payment by the defendants. (*McKyring* v. *Bull*, 16 N. Y., 297; *Morrell* v. *Irving Fire Ins. Co.*, 33 id., 429, 443.)

This leaves for consideration only the question whether the complaint sufficiently avers the plaintiff's guardianship. In the title of the action the plaintiff is described as general guardian of the person and estate of Frank Wall. He brings the action as such guardian. He alleges that he was duly appointed the general guardian of said Frank Wall, an infant under the age of fourteen years, the person named in said will as legatee; that letters of guardianship were duly granted to him, and that he thereupon became entitled to receive said legacy as such guardian. Pleadings, even on demurrer, are to be liberally construed. (*Keteltas* v. *Myers*, 19 N. Y., 231, 233; *Blackmar* v.*Thomas*, 28 id., 67, 71.) The complaint on demurrer is deemed to allege what can be implied from the allegations therein

by reasonable and fair intendment; and facts impliedly averred are traversable in the same manner as though directly averred. The remedy for indefiniteness is not by demurrer. (*Marie* v. *Garrison,* 83 N. Y., 14, 43; see also, *Phœnix Bank* v. *Donnell,* 40 id., 410.) We think that the plaintiff's guardianship was sufficiently averred to entitle him to maintain this action.

These conclusions lead to a reversal of the interlocutory judgment appealed from. It should' therefore, be reversed, and the plaintiff should have interlocutory judgment, overruling said demurrer with costs; but, with leave to the defendants to answer the complaint within twenty days after the entry and notice of such interlocutory judgment, on payment of the costs on said demurrer and of this appeal.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment reversed with costs, with leave to the defendants to withdraw the demurrer and answer upon the payment of costs of the demurrer and this appeal.