THE UNITED STATES, APPELLANTS, *v*. JOSEPH HUGHES.

The decision in the two preceding cases again affirmed.

THIS was a land case arising under the acts of 1824 and 1844, and came up by appeal from the District Court of the United States for Louisiana.

The parties were the same as in the two preceding cases.

Joseph Hughes filed his petition on the 16th June, 1846, claiming 3200 arpents of land, as having been granted by the governor of Louisiana, Gayoso, on the 26th April, 1798, to Andrè Martin. He alleges that said Martin took immediate possession, and held it till his death. That in the year 1840, the board of commissioners reported favorably on said claim, but that Congress had never acted upon it; and that he will, on the trial produce good and legal sales and transfers of the said tract of land from the heirs of the said Martin to himself.

The answer put in, on the part of the United States, consists of a general denial of the statements in the petition.

The evidences of title exhibited on the part of the petitioner were,

1st. The petition of Andrè Martin to the governor for a grant of 3200 arpents, &c., dated March 28, 1798.

2d. The concession and order of survey made by Governor Gayoso, and dated 26th April, 1798.

3d. The sales and deeds of conveyance by the heirs of Andrè Martin, under which the petitioner, Hughes, claims, dated respectively the 13th and 14th of July, 1848.

Testimony was offered to prove the genuineness of Gayoso's signature to the order of survey.

The District Court decided in favor of the petitioner and the United States appealed.

It was argued by *Mr. Crittenden,* (Attorney-General,) for the United States, and by *Messrs. Jonin* and *Taylor* for the appellee.

Mr. Justice NELSON delivered the opinion of the court.

This is an appeal from a decree of the District Court of the Eastern District of Louisiana.

The plaintiff claimed three thousand arpents of land situate in Louisiana, and fronting on the back part of lands of Oliver Thibodeaux, Theodore Thibodeaux, and Claude Martin, under a concession to Andrè Martin from Governor Gayoso, 26 April, 1798. The proceedings were under the act of 17th June, 1844, reviving the act of 26th May, 1824.

Evidence was given of the handwriting of Martin to the application for the land, and of Governor Gayoso to the concession.

The plaintiff also produced evidence of a conveyance of the premises to himself by an instrument bearing date 14th July, 1848, purporting to have been executed by the heirs of Andrè Martin the original grantee. And, also, notice to the register and receiver of the land-office at Opelousas, Louisiana, of an application on behalf of the heirs, by their attorney, for confirmation of the grant under date of 23d December, 1836.

The concession was an inchoate and incomplete grant; and there is no evidence that any possession was ever taken of the land, nor of any claim set up under the grant to the same, from its date down to 1836, when notice was given to the officers of the land-office; nor any evidence of the existence of the grant during the whole of this period. The case falls directly within the principles of the two previous cases just decided.

There is, also, no proof of any title in the plaintiff derived from the original grantee. The conveyance purporting to be executed by the heirs notwithstanding the recitals to that effect, furnishes no evidence of the fact of heirship.

We think the decree of the court below erroneous, and should be reversed; and that the proceedings be remitted to the court below, and the petition be dismissed.

## Order.

This cause came on to be heard on the transcript of the record from the District Court of the United States, for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that the decree of the said District Court in this cause, be, and the same is hereby reversed and annulled, and this cause be, and the same is hereby, remanded to the said District Court, with directions to dismiss the petition of the claimant.