WESSON *et al. vs.* CHAMBERLAIN, sheriff, &c.

Where a justice has jurisdiction of the subject matter of a suit before him and of the person of the defendant, his judgment can not be attacked collaterally.

And therefore in an action against an officer who has taken the body of the defendant on execution, for the escape of his prisoner, it is not competent to show in defence that the evidence before the justice failed to make out a cause of action in tort, and so, that the judgment was erroneous.

Where a sheriff suffers a defendant whom he has taken on execution, to go at large on the undertaking of a third person to pay the debt or surrender the prisoner, the plaintiff, unless he consented to the arrangement, may issue a new process and retake the defendant. Nor is the plaintiff's consent to the escape, made out by evidence showing that he subsequently called upon the third person to perform his undertaking.

ON appeal from the supreme court, where the action was brought against the sheriff of Chenango county, for an escape. The plaintiff recovered judgment in that court and the defendant appealed. The case was submitted on written arguments.

HURLBUT, J. This action was brought to recover for the escape of Nelson Brown and Hiel Fitch, from the jail limits of Chenango county, where they were imprisoned by virtue of an execution issued on a judgment, rendered in an action of trover before a justice of the peace; a transcript of which judgment had been filed in the office of the clerk of that county. The suit before the justice was regularly commenced by summons personally served on the defendants therein, who, however, did not appear on the return day, and the plaintiffs proceeded with their action, by putting in a declaration in trover, and adducing evidence in support of it.

It appears that the defendants in that suit had purchased goods of the plaintiffs, on a credit of three months, and given their note for $63,70, the amount of the purchase money; but the plaintiffs sought to disaffirm the contract of sale, because, as they alledged, it was induced by fraud and false pretences on the part of the defendants; and before they delivered their evi-

dence in that suit, they produced the note which had been given on the sale, and delivered it to the justice to be cancelled.

The evidence before him, tended to show that at the time the goods were purchased, Messrs. Brown & Fitch were insolvent and unable to pay their debts ; that within a month or two after the purchase, a judgment was entered against them, in favor of a near relation, for nearly the sum of $10,000, upon which all their tangible property was sold ; and that at about the same time, they had made an assignment of their effects for the benefit of their creditors. These events happening so promptly after the purchase of the goods, raise a strong suspicion of bad faith in respect to it, and although some further evidence might have been necessary to establish the fraud beyond a doubt, it can not be said that the justice acted without authority in giving judgment in the case before him. He had jurisdiction of the persons of the defendants and of the subject matter of the suit. The evidence delivered on the part of the plaintiffs tended to show the fraud complained of, and whether it was sufficient to establish it, was a question addressed to the legal judgment of the magistrate, whose determination, however wrong, was conclusive upon the parties until reversed on a proper appeal. The judgment might have been erroneous, but it was not void. The evidence therefore, which was offered by the defendant in the present action, with a view to show either, that on the proof before the justice, or upon facts which might have been shown to exist, the action of trover could not have been maintained, was clearly inadmissible and properly rejected by the court. The judgment was not open to attack upon the merits, in a collateral action. (*Cowen & Hill's Notes to Phil. Ev. part* 2, *p.* 946.)

The objections that the plaintiffs did not appear and prosecute their action before the justice, and that the evidence was delivered in the form of an *ex parte* affidavit made out of court, seem to have no foundation in fact. The case shows that the authority of the plaintiffs' attorney to appear in the suit, was proven by his oath, and that Mr. Mygatt was sworn and gave evidence as a witness, and his testimony is certified by the justice

Wesson *v.* Chamberlain.

as proper evidence given on the trial. That he might have prepared the statement of facts to which he testified out of court and produced it to the justice, is entirely immaterial. He was sworn as a witness before him, and the evidence which he gave was not in the form of an *ex parte* affidavit forbidden by 2 *R. S.* 244, § 105, but appears to have been taken properly in court.

Another ground of defense is that Fitch, one of the defendants in the judgment, had been arrested on a prior execution, issued in October, 1844, and was released upon Mr. H. Bennett's giving to the sheriff a written agreement either to pay the judgment in 60 days, or to surrender the defendants, whereby it is urged the judgment was satisfied. This would have been true, if the escape had happened with the consent of the plaintiffs given before it occurred; and we are referred to two letters written by Mygatt to Bennett, as proving such consent. But the plaintiffs do not appear to have known of the escape, or of Bennett's agreement, till some time after it was taken, when their attorney, by two letters, requested Bennett to perform it. This is all the evidence in the case having the least tendency to show that they consented; and it falls very far short of showing consent before the escape occurred. As regards the sheriff, the escape was voluntary and he was responsible for it; but the debt was not thereby discharged as against the judgment debtors, and the plaintiffs had a right to issue a new execution and to retake the defendants. (1 *Salk.* 272.) The judgment of the supreme court must be affirmed.

Judgment affirmed.