## SUPREME COURT.

### BROWN AND OTHERS agt. TRACY.

*A sheriff* is liable for an *escape*, where the *prisoner*, upon a warrant of a police justice, is taken from the custody of the sheriff to answer an alleged crime— the prisoner being at the time charged in execution upon final process.

*At Chambers, Penn Yan, Feb.* 1854. Demurrer to answer submitted by stipulation of counsel. The action is brought against the defendant as sheriff of Seneca county for the escape of one George Gilbert, who was charged in execution upon final process. The answer demurred to is sufficiently stated in the opinion which follows.

D. HERRON, *for Plaintiffs.*

A. T. KNOX, *for Defendant.*

WELLES, Justice. I incline to the opinion that the facts stated in the answer demurred to in this case are not sufficient to constitute a defence. George Gilbert, for whose escape the sheriff is prosecuted, was charged in execution upon final process, and was in actual custody. The substance of the answer to which the demurrer is interposed is, that Gilbert was afterward arrested by virtue of a warrant issued by a police justice of the city of New-York, on a charge against him for obtaining goods by false pretences, and that he was taken to the city of New-York before the police justice, and by him committed, after examination, to close confinement in the prison of that city, where he still remains; and that such arrest and imprisonment were without the assent and against the will of both the sheriff and Gilbert, which is the same escape alleged in the complaint. The arrest under the warrant of the police justice was unlawful, and being so, it was a rescue of Gilbert from the sheriff's custody, which is no defence to the sheriff in an action for an escape of a debtor confined on final process. (*Bac. Abr. Rescue,* (*E.*) *vol.* 8, *p.* 589; *Phila. ed.,* published by Thomas Davis, 1846.

I say the arrest was unlawful because, Gilbert being charged in execution, was in the custody of the law, and could not be

lawfully taken from the sheriff by virtue of the warrant in question. The sheriff had the power to prevent it, and failing to exercise it, is liable as for an escape. The jail liberties, as established by law, are, in legal contemplation, only an extension of the four walls of the prison. The sheriff was not bound to give the prisoner the limits of such liberties without sufficient bail that he would not go beyond them. Whether bail is given or not, he is equally in the sheriff's custody. If Gilbert had been locked up in jail, in *arcta custodia*, no one, I apprehend, would contend that it was the duty of the sheriff to surrender him to the officer holding the warrant for his arrest, issued by the police justice; and the fact that he was not so locked up, but was allowed the liberties of the jail, can make no difference in the legal posture of the question; for, as before remarked, he was still in custody. It does not appear whether he had given bail for the limits. If he had not, it was at the option of the sheriff to allow him the privilege of such limits, being responsible if he went beyond them, and not otherwise. The bail in such case is for the sheriff's indemnity only. If sufficient bail is tendered, the prisoner is entitled to the limits. The bail bond is substituted in the place of an actual physical wall on the line of the liberties for the protection of the sheriff. If he had the right to detain the prisoner as against the police justice's warrant, then the arrest set up in the answer was as much a rescue as if he had been taken away by a mob.

The sheriff's liability for an escape of a person charged in execution is exceedingly severe. It is likened to that of a common carrier, where nothing, it is said, will excuse from a literal and strict performance, but the act of God or the public enemy. Fairchild agt. Case, (24 *Wend.* 381, and authorities there cited.)

There must be judgment for the plaintiff on the demurrer. I see no reason for allowing the defendant to amend this answer. There is no objection to the manner or form of the pleading. If I am correct, it is bad in substance, and cannot be made good by amendment. The answer is one of several defences

interposed. Judgment for the plaintiff on this demurrer, of course does not interfere with the others. If the remaining issues upon the record do not present all the questions which ought to be raised for the purpose of a fair trial, the court doubtless has power on motion, upon a proper case being presented, to allow the defendant to set up other and further answers.