By the Court. Hoffman, J.
The only question in the cause arises upon the refusal of the Judge to admit the testimony offered to show that, the attorney of the plaintiffs in the suit against "Hubbard and Barton gave a consent to his going to Philadelphia for the purpose of raising money to pay the judgment. This was rejected on the ground that such a consent would not of itself, and alone, avail as a defence to the sheriff.
We consider this ruling to have been correct.
The case of Kellogg v. Gilbert (10 John Rep. 220) settled this point; and was very much like the present in its circumstances.
Dexter v. Adams (2 Denio, 646), is clearly distinguishable. An agent of the plaintiff had concerted a fraudulent scheme, to decoy the parties off the limits, and had a capias in his pocket, to be delivered to a coroner - to serve upon the sheriff, at the moment of accomplishing his intended fraud.
The statute (2 R. S. 262, § 26-29) has been referred to. It extends the authority of the attorney beyond the entry of the judgment, and enables him to receive payment, and acknowledge satisfaction at any time within two years.
In Gorham, v. Gale (7 Cowen, 744), the power of an attorney during the progress of a suit, was treated of at length, in the opinion of Mr. Justice Woodworth. It was stated that, although he had not power to enter a retraxit, or discharge a party from execution without payment, he may and ought to exercise his discretion in all the ordinary occurrences which take place in relation to the cause.
In Benedict v. Smith (10 Paige, 127), the Chancellor, after adverting to the statute, and speaking of the powers of the attorney of record of a plaintiff in an action, in which the plaintiff had recovered a judgment, said, “ The defendant was authorized to consider him as the attorney of the plaintiffs in the judgment, and as possessing the general power and control over the proceedings for the obtaining satisfaction of that judgment, which the attorney on record has, by virtue of his general retainer, in other cases.” “ If the property levied on by the execution in *352 this case had not been sufficient to pay the whole debt, if sold by the sheriff in the ordinary way, a question of some importance might have arisen, whether the attorney on record, who is employed to collect a doubtful debt for his client, may not, even after judgment, receive a part of the debt, and discharge the hen of the judgment upon receiving security for the residue of the debt.”
But in that case, the Sheriff had levied upon property sufficient to discharge the debt. The attorney took an assignment of a security, and in his own name, and discharged the judgment. It was held that he had exceeded his powers; but as the client had ratified his acts, such ratification was held equivalent to a prior authority, and the clientwas held to be concluded by them. This statute and case do not, in our opinion, warrant so great a change in the long settled law as must be effected, in order to hold the present defendant discharged by the facts offered to be proved.
In a late case Baron Parke said, that the attorney, in a Court of law, is not like a proctor in the ecclesiastical courts, “ dominus litis, but he is the mere agent of the suitor.” (Thatcher v. D'Aquilar, 11 Ex. Rep. 436).
We think the judgment must be affirmed.
Affirmed accordingly.