### SUPREME COURT.

HENRY C. LOCKWOOD agt. JOHN VAN SLYKE.

Where in an action the facts are such that an order of arrest might have been obtained, an *execution against the person* may be issued, although neither the record shows such facts, nor an order of arrest has been obtained.

And such execution may be issued *without application to the court.* The Code has made no provision for applying to the court or judge for leave to issue such execution. (*It will be seen that this decision is adverse to that of Humphrey* agt. *Brown,* 17 *How.* 481.)

*Erie Special Term, May,* 1859.

QUESTION submitted to the court on the following brief.

W. A. MELOY, *for plaintiff.*

Of the right to issue execution against the person in the cases comprehended in section 179 of the Code.

Although the record shows no ground for either execution against the person or for arrest, yet, if order for arrest has been granted and not vacated, such execution may be issued without application to the court. (*Cheney* agt. *Garbutt,* 5 *How.* 467.)

When the record shows a case within the scope of section

179, although no order for arrest has been obtained, nor application to the court made, such execution may be issued. (*Marten* agt. *Scovill,* 6 *How.* 315.)

And *ex obiter dictum,* Mr. Justice HARRIS, in this case, as well as in *Field* agt. *Morse* (7 *How.* 16), intimates that even if neither the record shows the action within section 179, nor an order for arrest has been obtained, yet, without application to the court, execution against the person may be issued, if the case really be one wherein under said section "arrest might have been made," with regard to which fact, the party issuing the execution acts at his peril. For, if the case be not such a one, he thus renders himself liable for false imprisonment, and motion also may be made to set aside and vacate the execution against which he must, to the satisfaction of the court, by affidavits, establish the proper grounds to justify the imprisonment.

The court of appeals, in *Corwin* agt. *Freeland* (2 *Seld.* 560), held with *Cheney* agt. *Garbutt,* and left the question alluded to by HARRIS, Justice, in the last two cases, still *vexata questio.* *Alden* agt. *Sarson* (4 *Abb.* 102) decides contrary to the opinion of Judge HARRIS, that the execution cannot be issued without the order of the court, when the record does not approve of it, nor has order of arrest been granted.

For practice prior to the Code respecting *ca. sa., vide Graham's Practice, page* 411.

MARVIN, Justice. I have examined the question submitted. The Code has made no provision for *applying to the court or judge* for leave to issue a *ca. sa.* If the right exists in this case, it is without reference to any *order,* and the plaintiff may exercise the right. He will act, however, at his peril.