FREDERICK O. RICHTMYER, Assignee, &c., Respondent, v. GEORGE REMSEN, Sheriff, &c., Appellant.

*Escape—Defences—Allegations of Answer—Trover and Conversion—Judgment—Execution against the Person.*

In an action brought against a Sheriff for an escape, the Defendant, to avail himself of the defence that the prisoner escaping was recaptured before suit brought, must set it up in his answer.

So also, that he was prevented from recapturing the prisoner through the fraud of the Plaintiff.

It seems, that on a judgment in an action for the wrongful conversion of personal property, the Plaintiff is entitled to an execution against the body of the Defendant.

ACTION to recover of the Defendant, Sheriff of Kings county, the amount of an execution against one Searle, issued out of the Supreme Court against the body of the judgment-debtor, and delivered to the Defendant for collection.

The Defendant arrested Searle, and duly admitted him to the liberties of the jail of Kings county. Searle, after being so admitted, escaped therefrom to the city of New York, and while so absent therefrom this action was commenced.

The Defendant, in his answer, alleged that he had admitted Searle to the liberties of the jail, and that Searle, after his escape therefrom, voluntarily returned thereto before the commencement of the action. At the close of the Plaintiff's case, the Defendant moved for a nonsuit upon the grounds—

1st. That the judgment-roll failed to show that the execution against the body of Searle was authorized.

2d. That it appeared from the evidence that Searle was detained off from the limits by the fraud and connivance of the Plaintiff.

The motion was denied, and the Defendant's counsel excepted. The Defendant's counsel then offered to prove that Searle would have returned to the jail limits before the commencement of the

action, had he not been prevented from so doing by the fraudulent acts of the Plaintiff's agents.

This evidence was objected to, and rejected, upon the ground that no such defence was set up in the answer; and the Defendant's counsel excepted.

The Defendant's counsel moved to amend the answer, by alleging the above facts.

The motion was denied, and the Defendant excepted. The Defendant's counsel excepted generally to the charge to the jury. The jury found a verdict for the Plaintiff; and the exceptions were ordered to be first heard at the General Term. The exceptions were heard, and judgment for the Plaintiff was ordered upon the verdict, from which judgment the Defendant appealed to this Court.

*D. K. Abney* for Respondent.

*A. N. Weller* for Appellant.

Grover, J.—The judgment-record in the action of the Plaintiff against Searle showed that one Johnson had a cause of action against the former for the conversion of personal property; that Johnson assigned such cause of action to the Plaintiff, who commenced the action thereon, as assignee, against Searle, and recovered the judgment upon which the execution was issued.

The ground of objection to the record was, that the cause of action was not assignable. There are two answers to this: First, the objection, if available, could only be taken in the action against Searle. The recovery of the judgment in that case is conclusive upon the right of the Plaintiff thereto upon the parties in this action. Second, the cause of action therein was assignable, and the assignee could maintain an action therein in his own name (Haight v. Hoyt, 19 N. Y. 464).

A recovery of judgment for the conversion of personal property authorizes an execution against the person of the Defendant (Wesson v. Chamberlain, 3 N. Y. 331). The only remaining question in this case is, whether the defence, that Searle would have returned to and upon the liberties of the jail before the com-

mencement of the action, had he not been prevented by the fraud of the Plaintiff, was admissible under the answer, no such ground of defence having been alleged therein.

The escape in the present case was negligent. In such cases recaption before suit brought is a defence, and if such recaption is prevented by the fraud of the Plaintiff or his agents, that also would establish a defence to the action. A voluntary return of the debtor into custody before suit brought is equivalent to and constitutes a recaption by the Sheriff. There is no dispute as to these rules of law.

The question is whether these grounds of defence must be set up in the answer.

The Code (§ 149) provides that the answer must contain—1st. A general or specific denial of each material allegation of the complaint controverted by the Defendant, &c.; 2d. A statement of any new matter constituting a defence, &c. The question then is, whether the defence offered consisted of new matter, or whether it merely disproved any of the material allegations of the complaint.

All that the Plaintiff must allege and prove, to maintain his action, is the recovery of the judgment, the issue and delivery of the execution to the Sheriff, the caption of the debtor by the Sheriff upon the execution, and the escape from custody before suit brought against the Sheriff therefor.

We have seen that the Sheriff may defend the action by proving a recaption of the Defendant before suit brought, or facts legally excusing him from making such recaption.

Proof of such facts does not controvert any allegation of the complaint. It is, therefore, new matter, constituting a defence to the action, and, under the Code, is inadmissible, unless set up in the answer.

The Court therefore correctly held that the proof offered was inadmissible under the answer.

The motion of the Defendant, made upon the trial, for leave to amend the answer, was addressed to the discretion of the Court, and its exercise cannot be reversed by this Court. The answer

does not contain a general denial, and therefore the question does not arise, whether the provision of the Revised Statutes authorizing public officers, under the plea of the general issue, to give any defence in evidence, is repealed by the Code.

There was no legal error committed in excluding the defence in this case.

The judgment must be affirmed.

Affirmed.

<div align="right">

JOEL TIFFANY,<br>
State Reporter.