HEARD NOVEMBER TERM, 1877.

## CHICHESTER & CO. *vs.* HASTIE.

A Judge has authority to set aside an order of "nonsuit" made by himself at the same term.

A motion for leave to amend is within the discretion of the Court and is not a subject of appeal.

BEFORE REED, J., AT CHARLESTON, JUNE, 1860.

This was an action by Chichester & Co. against William S. Hastie.

The case is fully stated in the opinion of the Court, the order for leave to amend therein mentioned, being as follows :

The order for nonsuit having been set aside in this case, on motion of plaintiffs' attorneys, it is ordered that the plaintiffs do have leave to amend the declaration in this case as they may be advised, within twenty days from the date of this order.

It is further ordered that the plaintiffs shall, in case of such amendment, serve a copy thereof upon the defendant, and that the defendant do have forty days from the service of such amendment upon him within which to plead, answer or demur thereto.

*Campbells & Whaley*, for appellant.

*McCrady & Sons*, contra.

March 18, 1878. The opinion of the Court was delivered by

HASKELL, A. J. On motion of the defendant, upon "the ground that the *allegata* and *probata* did not agree," an order of nonsuit *in invitum* was granted in this case, and a motion by plaintiffs for leave to amend the pleadings refused. The plaintiffs' counsel gave notice at the time that they would move before the presiding Judge, at the then term, on a day indicated, to set aside the order of nonsuit, and would, at the same time, renew the motion to amend the pleadings. Both motions were granted.

The defendant appeals:

" First. From the order setting aside the order of nonsuit granted at the trial of the case June 20, 1876; and

" Second. From the order giving leave to amend the declaration as plaintiffs' attorneys may be advised; and also requiring defend-

ant to plead, answer or demur to such amended pleadings within forty days from the service of a copy thereof."

The appeal from the order setting aside the nonsuit presents nothing but the question as to the authority of a Circuit Judge in term time to set aside an order of nonsuit *in invitum* made by him, on motion of defendant, at the same term of the Court; or, in the words of counsel for the appellant, "Could the Circuit Judge lawfully make such an order?"

The opinion of this Court is that the Circuit Judge could, in the exercise of his discretion, correct or set aside during the term an order of nonsuit made by himself at the same term.

The case of *McCollum* vs. *Massey*, (2 Bail., 606,) cited by the appellant, is different. The order was set aside at a subsequent term, and by another Judge, although the defendant had failed to comply with the terms on which the first order was granted.

In the case of *McDermaid* vs. *Earnest*, (4 Strob., 192,) also relied on by the appellant, the motion to set aside a nonsuit had been refused in the Court below.

In the opinion by O'Neall, J., who had delivered the opinion in *McCollum* vs. *Massey*, it is said "that no Court has the power to set aside a nonsuit properly ordered without the consent of the party in whose favor it is rendered is the plain inference from *McCollum* vs. *Massey & McNeill*."

Most of the Judges concurred in the opinion; but Wardlaw, J., while he concurred in the result, adds: "I think it material to observe that the regular term of the Court had expired before the motion to set aside the nonsuit was made. It will be observed, therefore, that the same material distinction as in *McCollum* vs. *Massey* exists between *McDermaid* vs. *Earnest* and the present case, viz., that the motions in those cases were made after the expiration of the term, while in this case the motion was made during the term. The term is, by legal supposition, but one day, and judgments are entered upon the rising of the Court. Until the Court rises, all proceedings of the Court remain under its control. The order of nonsuit is preliminary to a judgment. The judgment is not until it has been rendered, and it is within the discretionary power of the Judge to review his own orders during that time."

In *Browning* vs. *Huff*, (2 Bail., 179,) the opinion, per O'Neall, J., says: "In cases like the present, it has been a long and well-settled practice to allow a plaintiff, when evidence essential to support the

issue had been omitted accidentally, or from supposing that before the Court sufficient, to adduce it, even after the evidence had been closed, a motion for non-suit made and argued, and even the opinion of the presiding Judge pronounced in favor of the motion. The application of this rule of practice must always be left to the discretion of the presiding Judge."

It is true that the same Judge, in *Poole* vs. *Mitchell*, (1 Hill, 404,) a case precisely similar to *Browning* vs. *Huff*, does say in reference to the latter case "but the order was not made." The expression, however, determines nothing, for that was not a question in either case. The words are only used to narrate the case, and there is nothing in it to show distinction drawn between an utterance *ore tenus* and an expression in writing by a Judge on the bench; for after a decision *ore tenus* the order is signed as a matter of course, and that was exactly the present case. "The Court said the plaintiffs had failed to make out their case, and therefore not properly in Court; there had been no proof to sustain the money counts." Exception was taken. The order was subsequently signed, and the Court allowed a motion to be made to set it aside and heard argument.

The case of *Mooney* vs. *Welsh*, (1 Mill. Con. Rep., 133,) goes very far—applies this doctrine even to final judgments, and is a leading authority. In it the Court says: "The Court of Common Pleas, under all its modifications, has always exercised the power of looking into its records, and, on motion, affording that remedy after judgment has been entered up which is obtained by writ of error in the English Courts, and we think it has very wisely done so."

The motion in that case was made to set aside a judgment because it exceeded the damages laid in the writ, although it did accord with the verdict. Not only was this motion granted, but the Court went further and reduced the judgment to the sum sworn to by the plaintiff in his affidavit to hold the defendant to bail. The opinion concludes: "The Court thinks that this motion was properly made in the Circuit Court and that it ought to have been sustained there." In the English Courts it was once held that nonsuit could not be set aside, though occasioned by the mistake of the Judge. "But in *Sadler* vs. *Evans*, (Burr., 1986,) the Court were unanimous, both upon principles and authorities, that where a Judge at *nisi prius* nonsuits the plaintiff, and is mistaken, the Court, upon motion, may set aside the nonsuit, and this is now the settled practice in both

Courts."—Sellon's Practice, p. 465. And writs of error are constantly sued out upon judgments on nonsuits. There is a wide difference, too, between the order or judgment of nonsuit and the solemn judgment of the Court on the trial of a cause. As is remarked by Judge Harper in *McEwen* vs. *Mazyck & Bell*, (3 Rich., 210,): "It is said that a nonsuit granted *in invitum*, according to our practice, must be regarded as a determination on a demurrer to evidence. This is not precisely so. A judgment on a demurrer to evidence, according to the English practice, is final and a bar to any future action. We do not regard the judgment of nonsuit as a bar—it determines nothing." It merely decides that the plaintiff has failed to make out his case. If it be shown to the Court that he can supply the missing evidence, or properly amend the pleadings to conform to the evidence, by the cases already cited, and as expressed by Bay, J., in *Campbell & Milliken* vs. *Ingraham*, (1 Mill. Con. Rep., 293,) the Court, "in furtherance of justice, gives leave to examine the witness."

If cause can be shown to the Judge during the same term, but subsequent to an order of nonsuit, there seems no good reason why he should not, in the same exercise of discretion, set aside a previous order which affects no rights and grant leave to supply the evidence or to amend.

In the case of *Messervey* vs. *Hillier*, (12 Rich., 483,) per Wardlaw, J., it is said: "It is the opinion of this Court that the presiding Judge had the discretion during the same term of the Court to set aside an order for judgment and the execution of a writ of inquiry thereon, and that his action should not be disturbed in the Court of Appeals for gross abuse of discretion." That is conclusive on the points raised by the first ground of appeal in this case ; and it may be well to note that this decision in *Menervey* vs. *Hillier* brings out clearly the point indicated by Judge Wardlaw in the case of *McDermaid* vs. *Earnest* above cited, and modifies the language used by Judge O'Neall in that case. Under the rules of practice existing at the time this suit was begun, as well as by the rules as they now are, (Revised Statutes, page 497, § 2,) the Judge in the Court below could grant the order appealed from, and this Court sees no reason to interfere with it.

As to the second ground of appeal—the order granting leave to amend as the plaintiffs " may be advised." The system of pleading and practice under the Code of Procedure has done away with

many of the strict rules of former law practice, and applies to law as well as equity cases some of the more liberal principles of the practice in the Court of Equity. Among the important alterations is the right to amend as contained in Revised Statutes, Chapter VI, p. 611–12. Section 196 gives to the Court full power to grant such order giving leave to amend.

The case of *McMillan* vs. *McCall*, (2 S. C., 390,) which bears also upon the previously discussed questions, and the case of *Ahrens* vs. *The State Bank*, (3 S. C., 401,) decide that "under Section 465 the provisions of the Code are applicable to future proceedings in suits theretofore pending where issue has been joined, and governs the proceedings upon the trial and all subsequent proceedings in such cases."

The only objection that can be made is to the indefiniteness of the words "as they may be advised." Amendments made after the trial or during the trial, as in this case, made under Section 196, p. 612, Rev. Stat., are generally for the purpose of conforming the pleadings to the facts as proven, and are made very informally, sometimes orally, or by the Court of its own motion.

There is no prescribed form, and it is left to the discretion of the presiding Judge. Almost any amendment may be allowed, provided it does not make a new case. In that event it is not properly an amendment, and there is remedy by appeal. The motion is not made here, and it is hard for this Court to decide "proper terms" or the form of the order. "As they may be advised," if it has any significance, means as they may be properly advised, and test of that is the amendment. If that be improper, then the objection can be made. The order as it stands is no ground for appeal. It does seem to the Court that, properly, terms should have been imposed and that the order might have been more particular, but no special request is indicated as having been made on these points in the Court below, and there may have been sufficient reasons to influence the Judge.

It is possible, too, that the amendment proposed was submitted with the motion for leave. The amendment appears in the brief, but how it got there is not explained; that, however, is not material. The form of the order is a form common in chancery, and as the method is not dissimilar, that gives some guidance in forming the practice.—*Renwick* vs. *Wilson*, 6 John. Ch., 82.

The *Attorney General* vs. *The Clergy Society*, (8 Rich. Eq., 190,) in which case it also is said: "In ordinary cases this Court rarely interferes with the exercise of the Chancellor's discretion in such matters, as stated in *Lancaster* vs. *Geary*," (6 Rich. Eq., 111). And in the case of *Richtmeyer* vs. *Remson, Sheriff*, (38 N. Y., 206,) the Court of Appeals of New York takes the same view in a case under the Code of Procedure, and says: "The motion of the defendant, made upon the trial, for leave to amend the answer was addressed to the discretion of the Court, and its exercise cannot be reversed by this Court."

The appeal is dismissed.

*Willard*, C. J., and *McIver*, A. J., concurred.