ALICE DOUGLAS, Plaintiff, v. JOSEPH HABERSTRO,
Defendant.

*Sheriff — action to enforce his liability as bail — what irregularities in the executions
issued against the debtor he cannot take advantage of — what affirmative defense
cannot be proved under the general issue.*

The defendant, a sheriff, became liable as bail for one Warren, whom he had
arrested, by reason of the failure of Warren's sureties to justify after they had
been excepted to.   The plaintiff thereafter recovered a judgment against War-
ren, and issued executions thereon against his property and body, both of
which were returned unsatisfied by a deputy of the defendant.   In this action,
brought to enforce the defendant's liability, he set up as a defense that neither
of the executions were tested, and that the body execution did not specify the
time when it was returnable.

*Held*, that these omissions were mere amendable irregularities, and that as the
party against whom the executions were issued had not availed himself of
them, the sheriff could not now take advantage of them.

*Semble*, that as the sheriff had, by his deputy, treated the executions as regular,
and acted under and made returns to them, he could not now question their
validity.

Upon the trial the defendant's counsel offered to prove that the executions were
returned by the direction of the plaintiff's attorney, in order that the service
thereof might be prevented.   The court excluded the evidence on the ground
that the facts so offered to be proved were not set up in the answer.

*Held*, that this was proper.

That sections 14 and 15 of 2 Revised Statutes, 353, permitting a public officer,
when sued for an official act, to give special matter in evidence under the
general issue is no longer in force.

*Held*, further, that the fact that the deputy had returned the executions, at the
request and by the direction of the plaintiff's attorney, before the return days
thereof, constituted no defense to the sheriff, in the absence of evidence that the
deputy had colluded with the plaintiff's attorney to defraud him.

Motion by the defendant for a new trial, on exceptions taken at
the Erie Circuit, and ordered to be heard at the General Term in
the first instance.

*John Campbell Hubbell*, for the plaintiff.

*Osgoodby, Titus & Moot*, for the defendant.

Smith, P. J. :

The plaintiff herein sued one Warren, in tort, and caused him to
be arrested.   The order of arrest was served by the defendant

herein, as sheriff. Warren put in bail, who were excepted to and neglected to justify, and the defendant thereby became liable as bail. The plaintiff recovered judgment against Warren, and issued a property and body execution thereon successively, which were returned by a deputy of the defendant. Nothing was collected, and Warren was not found. The plaintiff then commenced this action against the sheriff to enforce his liability as bail.

It was objected by the defendant's counsel at the trial, and the point is urged here that the plaintiff failed to establish the liability of the defendant as bail, for the reason that neither of the executions were tested, and the body execution did not specify the time when it was returnable. The direction in the latter execution, in that regard, was to return the same " as required by law." The point is not well taken. Doubtless the executions, to have been regular, should have been tested (Code of Civil Pro., § 23), and the body execution should have been made returnable within sixty days after its receipt by the sheriff (Code Civil Pro., §§ 23, 1366), but the omissions were mere irregularities, which did not render the executions void. It is questionable whether the omission of the test made them even voidable (Code Civil Pro., § 24, last clause), but however that may be, the irregularities are such as might have been amended (Code Civil Pro., § 723; *The Benedict & Burnham Manufacturing Co.* v. *Thayer*, 20 Hun, 547; 21 id., 615), and the party against whom the executions were issued not having availed himself of such defects, the sheriff cannot take advantage of them. (*Forsyth* v. *Campbell*, 15 Hun, 235; *Dunford* v. *Weaver*, 21 id., 349.) Besides, the defendant, as sheriff, having by his deputy treated the executions as regular, and acted under and made returns to them, cannot now be heard to question their validity. (*James* v. *Gurley*, 48 N. Y., 163.)

The only other question which need be discussed is, whether the court erred in rejecting certain evidence offered by the defendant. The defendant's counsel offered to prove that the executions were returned by the direction of the plaintiff's attorney, in order that the service thereof might be prevented. The plaintiff's counsel objected that the proof was not admissible under the answer, and the court so held. When that ruling was made, the answer, as we understand the case, contained no averment of the matters so

offered to be proved, and the only question was whether they were admissible under a specific or general denial. That they were not admissible is clear. They constituted or tended to constitute an affirmative defense, which could not be proved unless pleaded. The provision of the Revised Statutes, permitting a public officer, when sued for an official act, to give special matter in evidence under the general issue (2 R. S., 353, §§ 14, 15), is. no longer in force. Mr. Justice GROVER said, in *Richtmeyer* v. *Remsen* (38 N. Y., 206, 208), that it was repealed by the Code of Procedure. If that Code left it in force for any purpose, it was expressly repealed in 1877, before this action was commenced. (Laws 1877, chap. 417, § 1, part 3, subd. 5.)

After the ruling above stated had been made, the court permitted the defendant to amend his answer, as we read the case, by adding to it a defense in these words: " The defendant alleges that each of the alleged executions set forth in the complaint was returned by the under-sheriff and deputies of the sheriff of Erie county having the same in charge, at the request and by the direction of the attorney of the plaintiff in said executions and this action, without the knowledge, privity or consent of defendant, and defendant denies that said executions were duly issued or duly returned as set forth in said complaint. And this defendant alleges, upon information and belief, that said plaintiff's attorney in the executions and this action requested and directed said executions to be so returned that he might commence this action against defendant, and that, in form, the law might seem to be complied with, and that said returns were made at the request and by the direction of said plaintiff's attorney in said executions and this action, as herein stated, and not otherwise." After the answer was so amended the defendant's counsel made several offers of evidence, none of which need be considered, except the offer to prove the facts alleged in such answer. Although that particular offer does not appear to have been acted upon in any way at the trial, we gather from the case, and especially from that part of it which immediately precedes the offer, that the trial judge ruled that the third or amended answer did not constitute a defense. Was that ruling error?

It is provided by section 599 of the Code of Civil Procedure that, in an action against bail, it is a defense that a direction was given,

or other fraudulent or collusive means were used by the plaintiff or his attorney to prevent the service of an execution against the property or against the person of the defendant in the original action. The amended answer was evidently drawn with a view of presenting a defense under that section, but it failed to do so. The gist of the defense described in the section is the fraud practiced by the plaintiff in the execution upon the bail. But no fraud upon the sheriff is alleged in the answer, nor could there have been any in view of the facts alleged, since he was a party to the transaction, by his under-sheriff or deputy, whose official act was his own. If the deputy had colluded with the plaintiff or his attorney to defraud the sheriff, a different case would have been presented, but that is not averred. The return of the execution by the deputy or under-sheriff, before the return day, was the act of the sheriff, and was entirely voluntary on his part, for aught that is alleged in the answer, and it constitutes no defense either under the statute or independently of it. The offer was properly excluded.

All the other offers, to which reference has been made, either fell short of the allegations in the amended answer or exceeded them, and, in either case, were inadmissible,

The motion for a new trial should be denied, and judgment ordered for the plaintiff on the verdict.

HARDIN and HAIGHT, JJ., concurred.

So ordered.