ISAAC ROSENWALD, Respondent, *against* OSCAR HAM-
MERSTEIN, Appellant.

(Decided March 14th, 1884.)

The answer in an action for libel, after admitting the publication of the
alleged libellous matter, and denying " that the same was maliciously
done, as in said complaint alleged," denied "each and every other alle-
gation in said complaint contained, not hereinbefore admitted or specifi-
cally denied;" and then pleaded matter in mitigation. *Held*, that the
whole complaint was admitted, and the only question for consideration
was that of damages.

A motion to amend such answer at the trial being addressed to the discre-
tion of the presiding judge, his denial of it is not reviewable on appeal.

Declarations by the defendant in an action for libel, made before the publi-
cation by him of the libellous matter, may be admissible evidence on the
question of malice.

Where a publication is libellous *per se* as to a partnership, one partner may
maintain an individual action for the injury to himself therefrom.

Counsel for plaintiff, in summing up, read to the jury from a newspaper
report a charge to a jury in another court on the same subject, and the
judge presiding at the trial, in his instructions to the jury, referred with
approval to the opinion upon the law expressed therein.  *Held*, that
this was not ground of reversal of a judgment entered upon a verdict for
plaintiff, the questions of fact having been left to the jury with instruc-
tions as favorable to defendant as the circumstances allowed.

APPEAL from a judgment of this court entered upon the
verdict of a jury in favor of the plaintiff for $3,306.88 dama-
ges and costs, and from an order denying a motion for a new
trial upon the judge's minutes.

The plaintiff, in February, 1882, was a member of the
firm of E. Rosenwald & Bros., in the business of packers
and dealers in leaf tobacco in the city of New York, which
at that time packed and held the great bulk of the crop of
certain leaf tobacco called " 80 New York Big Flats," of
which the firm of N. Lachenbruch & Bro. held a packing
of several hundred cases.  These two firms held large quan-
tities of said leaf tobacco.  The defendant, who was the
editor and publisher of the United States Tobacco Journal

(a trade newspaper published and issued in the city of New York, and in the cigar trade generally), published in said paper on February 11th, 1882, the following statement, as set forth in the complaint in this action, viz:

"The '80 New York Big Flats' (meaning the said leaf tobacco produced in the state of New York in the year 1880), is as unpopular as ever. With the exception of one packing of several hundred cases, held by the Lachenbruchs (meaning the said firm of N. Lachenbruch & Bro.), of Water Street, and which is an exception to the rule, this stock is a first-class fraud. By clumsy trickery and the aid of flunkey brokers, one house (meaning the said firm composed of this plaintiff and the said Edward Rosenwald, Henry Rosenwald and Sigmund Rosenwald), in this city, holding very large quantities, have tried time and again to make it appear as if they were selling this stock in large lots to jobbing houses and manufacturers, and that the balance was something the manufacturers should rush for at once or lose a fine chance forever.

"The facts are that those who bought it returned it, or as much of it as they possibly could. Owing to its unreliability of burning and nastiness of color and flavor, it is what is commonly called a 'sticker' (meaning of bad quality and unsalable). The people (meaning this plaintiff, the said Edward Rosenwald, Henry Rosenwald and Sigmund Rosenwald) who, under the guise of assumed respectability, resort to low commercial jugglery to foist a valueless, not to say dangerous, article upon unsuspecting manufacturers and jobbers, and thereby probably cause their ruin, are no better than the 'stool pigeons' of a low Chatham Street dive (meaning a resort for immoral, disreputable and disorderly persons)."

The plaintiff averred that such statement was maliciously made and published to his injury and damage in the sum of $25,000.

The defendant admitted the publication, denied that the same was maliciously done, and pleaded the truth of his statement in mitigation of damages.

The trial court ruled that the whole complaint was admitted by this form of denial, and that the only question for consideration was that in relation to damages. The case comes up for review upon exceptions taken at the trial.

*Adolph L. Sanger*, for appellant.

*B. F. Einstein*, for respondent.

LARREMORE, J.—[After stating the facts as above.]— The defendant's answer fully authorized the ruling that the only question for the jury was that of damages. Section 500 of the Code provides for a *general* or *specific* denial of each material allegation of the complaint controverted, or of any knowledge or information thereof sufficient to form a belief.

A denial of "each and every other allegation in said complaint contained not hereinbefore admitted or specifically denied," though sanctioned by decisions of the Special Term in our early practice (5 How. 331, 13 How. 7, 20 How. 158), is not authorized by the Code or approved by the court of last resort (*People* v. *Snyder*, 41 N. Y. 400).

The question of the amendment of the answer upon the trial was addressed to the discretion of the presiding judge, and is not a subject of review on appeal (*Richtmeyer* v. *Remsen*, 38 N. Y. 206).

The declarations of the defendant prior to the publication, were admissible upon the question of malice, and the exception upon that point was not well taken.

The questions put at folios 47, 48, 49, 50, 51, of the case were clearly immaterial, and were properly overruled.

The objection and exception to the admission in evidence of a publication *subsequent* to the commencement of this action is not available, because the ground of the objection was not stated (*Daly* v. *Byrne*, 77 N. Y. 182). Moreover the court instructed the jury to disregard and not to consider it, on the question of the aggravation of damages.

As the publication was libellous *per se*, the action was

maintainable by the plaintiff individually (*Fleischmann* v. *Bennett*, 87 N. Y. 231).

It was within the sound discretion of the court to allow the question as to whom the article referred, no personal privilege being claimed by the defendant, and the answer to it removed all doubt, if such existed, upon the question of intention.

The chief ground of alleged error at the trial was the general citation of judicial authority on the law of libel.

The plaintiff's counsel, as a part of his argument, read from a newspaper report a charge by Judge WYLIE upon the subject, to which the trial judge referred, and said : " You are to take nothing in this case from what I have said to infer anything in regard to my private opinion. This is a case exclusively for the determination of the jury. . . . . . The whole question of malicious intent and the amount of damages is one exclusively for you."

Briefly considered, it was but an indorsement of an opinion upon the law governing a libel. The questions of *fact* were left to the jury upon a charge as favorable to the defendant as the circumstances of the case allowed.

This distinguishes the case at bar from *Reich* v. *The Mayor &c. of New York* (*ante*, p. 72), where the facts in the case on trial, and the case cited, were declared to be identical.

After a careful examination of all the appellant's exceptions I have reached the conclusion that they should be overruled.

The case was fully and fairly presented to the jury and the judgment entered upon the verdict should be affirmed, with costs.

J. F. DALY and BEACH, JJ., concurred.

Judgment and order affirmed, with costs.