McAdam, C. J.
—The court may, upon the trial, allow a party to amend his pleading in furtherance of justice (Code, sec. 723) so that there is no doubt about the power of the court to allow the amendment made. Moak’s-Van Santvoord’s Pleadings, 829, and authorities cited in note 5.
The plaintiff made no affidavit as to being misled; did not move to withdraw a juror or adjourn the trial, which was continued up till the time the jury retired to deliberate. The second defense pleaded by the defendant gave the plaintiff notice of all the facts the defendant intended to prove on the trial. True, the answer did not by name call the transaction a fraud, but, construing its allegations together, the answer evidently means that while the defendant did not make the form of contract sued upon, he, in *652 point of fact, made the one which he pleaded. The fraud consisted of inducing the defendant to sign a writing which did not express the contract he made. The trial judge allowed the amendment so that the defendant might give evidence of the facts already pleaded by him in his answer, the object of the amendment being to make the evidence competent, upon the assumption that without calling the transaction a fraud, the evidence would not be admissible.
The trial judge had the discretionary power to allow the amendriient, and, while we may have power to review the exercise of this discretion, there are two cases holding that we cannot. Rosenwald v. Hammerstein, 12 Daly, 377, citing 38 N. Y., 206.
We think that no litigant should be called into court prepared to try one issue and then be required to try another, of which he then, for the first time, had notice.
In the present instance the amendment allowed was, in view of what was already alleged in the answer, one of form more than substance. Upon this ground we find no abuse of discretion calling upon us to reverse the trial judge. The case was tried November 13, 1885, and the amended answer printed in the case at page 14 was verified April 16, 1885, and was, as we must assume, served at that time. The amendment allowed at the trial does not differ substantially with the facts pleaded in the answer printed at folio 41 of the case.
We find no error which requires a new trial, and the judgment appealed from must be affirmed, with costs.
Nehrbas, J., concurs.