HARRIET EADS, Respondent, *v.* HENRY G. WYNNE, Appellant.

*Execution against the person — escape — the attorney is without power to allow a discharge — defense to the sheriff for an escape — plaintiff not responsible for the form of return to an execution — second execution may be issued — clerical error therein amended.*

It is an escape if a sheriff allows a prisoner, taken by him by virtue of an execution against his person, to be taken from his custody upon the warrant of a police justice to answer an alleged crime.

The plaintiff's attorney, as such, has no power to allow the discharge of a person arrested by a sheriff under an execution against his person, without the actual payment of the money due thereon.

The sheriff can avail himself of nothing as matter of defense to an escape, but an act of God or the common enemy.

If a judgment creditor has not consented to the surrender by the sheriff of her judgment debtor, against whose person an execution was in the hands of such sheriff, the surrender of the person of such judgment debtor by the sheriff without authority is an escape for which the judgment creditor is not responsible either in fact or law.

If an escape is voluntary the sheriff is responsible for it, but the debt is not thereby discharged as against the judgment debtor, and the judgment creditor has a right to issue a new execution and to retake the defendant.

A person taken into custody by the sheriff under an execution against his person is not entitled to be discharged under section 111 of the Code of Civil Procedure, if he has not been in actual custody under the execution for the statutory six months, which period does not run after his escape; the fact that such person was in custody during all the statutory period in a criminal jail does not affect his right to be discharged.

The plaintiff in an action in which an execution against the person of the defendant was issued is not responsible for the form of return which is made thereto, nor is she bound to await such return before issuing a second execution, which may be issued at any time after the unauthorized surrender of the defendant under the first execution.

The fact that a second execution issued against the person of a debtor does not specify the county to which an execution against his property had been issued is a clerical error, which can be cured by amendment when the name of the county to which the execution against the property was issued was specified in the first execution issued against the person, and the recital in the second execution against the person covers " the county where the said judgment debtor resides."

APPEAL by the defendant, Henry G. Wynne, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of May, 1894, denying the defendant's motion to vacate a second execution issued against his person and his arrest thereunder, and also for his discharge from arrest under section 111 of the Code of Civil Procedure.

*C. H. Smith,* for the appellant.

*W. S. Stillings,* for the respondent.

BARRETT, J.:

On the 2d day of October, 1893, Wynne was arrested under an execution against his person, issued in this action upon the nineteenth of the preceding month. He was so arrested in front of the Jefferson Market Police Court by one Upham, an assistant deputy sheriff, acting under special authority from Sheriff Gorman.

Immediately after the arrest, and before Upham had time to remove his prisoner, the plaintiff's attorney in the execution, one Dawson, came out of the Jefferson Market Police Court with a police officer, and directed Upham to allow this officer to take Wynne on a criminal warrant. Upham did so, and Wynne was committed upon the criminal charge in default of bail. He remained in the Jefferson Market Jail until the first of the following January, when he was removed to the Tombs, where he remained until the second of April of this year. Upon the latter date he procured bail upon the criminal charge and was discharged from custody thereon. Thereupon, a second execution against his person was issued — this time to the present sheriff, Sexton — and he was lodged thereunder in Ludlow Street Jail.

He moved at Special Term to vacate the second execution and his second arrest; also for his discharge under section 111 of the Code of

Civil Procedure, upon the ground that six months had elapsed since his original arrest. The motion was denied and Wynne appealed.

We have no doubt upon the facts presented by the affidavits that there was an actual arrest under the first execution. Wynne was in Upham's custody thereunder when Dawson made his appearance with the police officer. It was an escape for Upham to permit Wynne to be taken from his custody upon the warrant of a police justice to answer an alleged crime. (*Brown* v. *Tracy,* 9 How. Pr. 93; Crocker on Sheriffs [3d ed.], § 602; Barbour's Crim. Law [2d ed.], 536.) The sheriff can avail himself of nothing, as matter of defense to an escape, but an act of God or the common enemy. (*Fairchild* v. *Case,* 24 Wend. 381.) It is well settled that the plaintiff's attorney, as such, has no power to allow a discharge of the defendant without the actual payment of the money. (*Kellogg* v. *Gilbert,* 10 Johns. 220; *Simonton* v. *Barrell,* 21 Wend. 362; *Lovell* v. *Orser,* 1 Bosw. 349; *Jackson* v. *Bartlett,* 8 Johns. 366; *Vidrard* v. *Fradneburg,* 53 How. Pr. 340.)

The attorney could not destroy the plaintiff's rights by such a direction as was here given. She never consented to the surrender of Wynne to the police officer. There is no evidence that she was present upon the occasion. The complaint in the criminal proceeding seems to have been for stealing her property, but she was not the complainant. The complainant was Dawson. It was he who made the oath upon which the warrant was issued. And the proceeding was entitled, as appears from the indorsement upon the warrant, "The People, &c., on the complaint of Andrew H. H. Dawson vs. Henry G. Wynne."

As the plaintiff never consented to the surrender of Wynne, and as Dawson had no authority to so consent, it follows that such surrender was an escape for which the plaintiff was not responsible, either in fact or in law. It follows, too, that, as she did not consent to the surrender, she may issue a new process and retake the defendant. (Code Civ. Proc. § 1492; *Wesson* v. *Chamberlain,* 3 Comst. 331.)

As was said in this latter case: "As regards the sheriff, the escape was voluntary and he was responsible for it; but the debt was not thereby discharged as against the judgment debtors; and the plain-

tiffs had a right to issue a new execution and to retake the defendants;" citing 1 Salk. 272.

The defendant was not entitled to be discharged under section 111 of the Code of Civil Procedure, for the reason that after the surrender he was not in actual custody under the first execution. Consequently he was not in actual custody for the statutory six months. This period certainly did not run after the escape. Nor is this conclusion affected by the fact that during all the statutory period Wynne was in a criminal jail. These jails were not in the custody of the sheriff. In the city of New York the sheriff has " custody of the jail used for the confinement of persons committed on civil process *only*, and of the prisoners in the same." (Consol. Act, § 1715.) At all events, Wynne was not in the criminal jail under the civil process.

The defendant was not prejudiced by the error in the return made upon the first execution. The substantial matter is that he was not entitled to a discharge thereunder pursuant to section 111 of the Code of Civil Procedure.

The plaintiff was not responsible for the form of return which was made, nor was she bound to await such return before issuing her second execution. The latter process was properly issued at any time after the unauthorized surrender under the first execution.

We think, however, that the point made against the second execution — that it did not specify the county to which execution against the property had been issued — was well taken. The name of the county was left in blank. But this was undoubtedly a clerical error, which can be cured by amendment. The name of the county was specified in the first execution, and the recital in the second execution covers " the county where the said judgment debtor resides." The omission, therefore, was a mere irregularity which can be supplied by amendment. ( *Walker* v. *Isaacs*, 36 Hun, 233 ; *People ex rel. Utley* v. *Seaton*, 25 id. 305.)

The order appealed from should, therefore, be affirmed except with regard to the matter last referred to. As to that, we cannot direct the amendment, as the plaintiff, although the irregularity was specified in the order to show cause, did not file an affidavit below. The order should, therefore, be modified by giving the plaintiff leave to move for an amendment of the execution by inserting

therein the name of the proper county if, in fact, an execution has been issued to that county and returned unsatisfied ; and thereupon denying the motion to vacate such second execution, without costs. And there should be no costs of this appeal.

VAN BRUNT, P. J., concurred ; FOLLETT, J., concurred in the result.

Order modified as directed in opinion and affirmed as modified, without costs.