# HORMANN V. SHERIN.

1. Ordinarily, an execution against the person will not issue upon a judgment in an action in which several causes of action are combined, if either of such causes is one that would not allow a judgment upon which execution against the person might issue; but the rule is not applicable where the verdict of the jury upon which the judgment is rendered establishes to a certainty that they found against the defendant only upon a cause which would support a judgment upon which such an execution might issue.

2. Upon a judgment for the wrongful conversion of personal property, execution against the person may issue.

3. In such case, execution may be issued as in other cases without any order of the court or judge.

(Syllabus by the Court.    Opinion filed, Nov. 19, 1895.)

Appeal from circuit court, Marshall county.    Hon. A. W. CAMPBELL, Judge.

Application for a writ of *habeas corpus.*    From a refusal to discharge, applicant appeals.    Affirmed.

The facts are stated in the opinion.

*A. Sherin,* for appellant.

The contracting of a debt in a fiduciary capacity is not such a cause of action, as in case of judgment thereon, will warrant an execution against the body, unless there has been an order of arrest served.    Wood v. Henry, 40 N. Y. 124; Sherman v. Strauss, 52 *Id.* 404; Prouty v. Swift, 51 *Id.* 594; Elwood v. Gardner, 45 *Id.* 349.

*Byron Abbott* and *T. B. McDonough* (*Crawford & DeLand* of counsel) for respondent.

KELLAM, J.    While this appeal is entitled as in the original action to which it was supplementary, the matter now before the court is an appeal from an order of the circuit court of Marshall county, refusing to discharge appellant, on *habeas corpus,* from arrest under an execution against his person. Upon the hearing of the writ there were before the court the

judgment roll, including, besides the general verdict, what is termed in the abstract a "special verdict." The complaint alleged several distinct causes of action, the second of which was in effect for money had and received. Appellant contends that, inasmuch as a body execution could not be issued on a judgment upon such cause of action, it cannot issue upon a judgment in an action in which such cause was one of several, the trial of which resulted in the judgment. This is ordinarily true, but the reason is that it is impossible to tell upon which or what particular cause of action the judgment rests, and if the rule were otherwise, a judgment debtor would be exposed to imprisonment on account of a cause of action for which imprisonment is not allowed by law. But here the special verdict distinctly shows upon which cause of action, and upon what facts, the general verdict and the judgment rests. It finds that defendant converted to his own use certain enumerated promissory notes and county warrants of the plaintiff. The aggregate amount of these notes and warrants, as listed in the special verdict, make up just the amount of the general verdict, leaving no doubt that they found their general verdict upon the first cause of action, and upon that alone. The verdicts would not fit and could not reasonably follow either of the other causes of action stated in the complaint, for that was the only one alleging conversion of notes and warrants. We think, with appellant, that upon this record such an execution could not rest upon either of the conditions named in the second subdivision of Sec. 4945, Comp. Laws, for the reason, among others, that while it is alleged in the complaint that the property claimed to be unlawfully converted by the defendant was received by him as an attorney and agent of the plaintiff, the answer denies such allegation, and the verdict does not find upon or settle that issue. It simply finds the fact of conversion. Such verdict does not establish any fiduciary relation between the parties, and so does not bring the case within the scope of said second subdivision. The general verdict, however, explained by and

resting upon the special verdict, does establish the first cause of action alleged—the wrongful conversion of notes and warrants belonging to the plaintiff. By the first subdivision of said Sec. 4945, this is ground for arrest, and by Sec. 5115 an execution may issue against the person, although there had been no previous order of arrest, if "the complaint contains a statement of facts showing one or more of the causes of arrest required by said Sec. 4945." The complaint does state all the facts necessary to constitute a cause of action for conversion. The cause of action stated in the complaint, and the cause for arrest as named in the statute, are identical. Upon a judgment in such action, execution against the person may issue. Winton v. Knott (S. D.) 63 N. W. 783; Wesson v. Chamberlain, 3 N. Y. 331; Richmeyer v. Remsen, 38 N. Y. 206; Lembke's Case, 11 Abb. Prac. (N. S.) 72.

Appellant further contends that, without an order of the court or judge, there being none in this case, the clerk had no authority to issue execution against the person, there having been no previous order of arrest. While we think that it might be a safer practice to obtain an order in such case, we find nothing in the statute indicating that such leave is necessary. In respect to issuance by the clerk, the statute seems to make no distinction between an execution against property and an execution against the person. Under similar statutory provisions, the New York courts have often held, though not without an occasional intimation to the contrary, that no order or leave of court was necessary. Ginochio v. Figari, 4 E. D. Smith, 227; Alden v. Sarson, 4 Abb. Prac. 102; Kloppenburg v. Neefus, 4 Sandf. 655; Lockwood v. Van Slyke, 18 How. Prac. 45. In the latter case, Marvin, J. said: "The Code has made no provision for applying to the court or judge for leave to issue a *ca. sa.* If the right exists in this case, it is without reference to any order, and the plaintiff may exercise the right. He will act, however, at his peril." We find nothing in the record that would justify a reversal of the order appealed from, and it is affirmed. All concur.